Dwight L. PHIFER, Administrator of the Estate of Walter Earl Bailey, Deceased and Co–Independent Executor of the Estate of Alibe C. Bailey, Appellants,

v.

NACOGDOCHES COUNTY CENTRAL APPRAISAL DISTRICT, Appellee.

No. 12–99–00262–CV.

Court of Appeals of Texas, Tyler.

Oct. 31, 2000.

Rehearing Overruled Jan. 17, 2001.

Discretionary Review Denied May 24, 2001.

William E. Bailey, Houston, for appellants.

F. Duane Force, Austin, for appellee.

Panel consisted of DAVIS, C.J., HADDEN, J., and WORTHEN, J.

### OPINION ON REHEARING

JIM WORTHEN, Justice.

By its motion for rehearing, the Nacogdoches County Central Appraisal District ("Appraisal District") contends this Court erred in determining that the Cherokee County Court at Law has jurisdiction over this case. Finding some merit to the Appraisal District's arguments raised on rehearing, we grant its motion for rehearing.

We withdraw our opinion and judgment of April 25, 2000 and substitute the following opinion affirming the trial court's judgment.

Appellant, Dwight L. Phifer, Administrator of the Estate of Walter Earl Bailey[1] and Co Independent Executor of the Estate of Alibe C. Bailey ("Phifer"), appeals from a judgment entered by the 145th Judicial District Court of Nacogdoches County ("district court"), awarding the Appraisal District delinquent property taxes and foreclosure of a tax lien on certain real property in Nacogdoches County. That property is also subject to a continuing probate proceeding in the County Court at Law ("probate court") in Cherokee County. Phifer raises four issues on appeal. We affirm the district court's judgment.

In 1973, W.E. Bailey died intestate in Cherokee County. His widow, Alibe C. Bailey, began probate proceedings in the probate court in Cherokee County and was named as administratrix of the estate of W.E. Bailey. At the time of his death, W.E. Bailey owned real property in the counties of Cherokee, Anderson, Gregg, Nacogdoches, and Smith. The estate has not paid real property taxes on any of this land during the pendency of the W.E. Bailey estate. The estate remains open solely due to the unpaid property taxes.

In 1989, the Appraisal District filed an original petition in the Nacogdoches County District Court to collect delinquent taxes and to foreclose upon the real property located in Nacogdoches County. The administratrix, Alibe C. Bailey, filed a plea in

1. On October 29, 1999, Dwight Phifer, the administrator and co-independent executor of the above estates resigned as administrator of the W.E. Bailey Estate, and was replaced in his capacity as administrator of the W.E. Bailey Estate by Allen W. Ross. Phifer also resigned as Co–Independent Executor of the Estate of Alibe Carter Bailey, and was replaced by Allen W. Ross on November 10,

1999. Thereafter, on January 10, 2000, Ross resigned as administrator and the court appointed Eldridge Moak as Successor Administrator of the W.E. Bailey Estate. Because this Court's jurisdiction over this appeal was triggered when Phifer was serving in his fiduciary roles, we will continue the appeal in his name.

abatement on behalf of the W.E. Bailey estate. In 1992, Alibe C. Bailey died. In July 1994, the Appraisal District filed a claim in the Cherokee County probate proceedings for the delinquent taxes owed by the estate of W.E. Bailey on the real property located in Nacogdoches County. In October 1994, following the rejection of its claim by the W.E. Bailey estate, the Appraisal District filed suit in the probate court pursuant to the probate code to pursue its claim.

On August 13, 1997, the probate court entered an "Order Establishing Procedures for Escrow of Taxes Involving Sales of Real Estate" in the probate proceeding. This order was agreed upon by the taxing authorities in the five above-named counties and by Phifer, in both his dual capacities as administrator of the Estate of W.E. Bailey and Co–Independent Executor of the Estate of Alibe C. Bailey. The order contained the following paragraph:

> 3. The escrow fund shall be held by the administrator for the benefit of the estate and of the creditor taxing units of Smith Count [sic], Cherokee County, Gregg County, Nacogdoches County, and Anderson County, all of which taxing units have various disputed claims pending against the estate for ad valorem taxes; that such funds may not be expended or commingled with other funds of the estate until further ordered by the Court and with prior notice to the taxing units through their attorneys of record; and that the liens (if any are found to exist upon final completion of the tax litigation involving this Estate and the herein mentioned taxing authorities) held by the taxing units, charged against the property sold, and securing payment of ad valorem taxes, penalties, interest and costs, are transferred from the property sold and hereby Ordered attached to such escrow funds in lieu of the sold property itself; that such funds

in escrow be held solely for the purpose of funding payment of the taxes on the property and on other properties of the estate upon the ultimate resolution of the pending tax litigation, but only to the extent that such taxes are established by judgment or other final Order of the Court; and that the specific property subject of this Order is sold free and clear of such liens, save and except the current year tax lien which tax year and amount is ordered to be prorated between the estate and purchaser unless the purchaser assumes payment of such current years taxes.

On September 29, 1997, shortly after agreeing to the above-referenced order in the probate court, and apparently after several years of inactivity in the district court, the Appraisal District resumed pursuit of its claim in the district court by filing its First Amended Original Petition. On October 14, 1998, with approval of the probate court, Phifer, in his dual roles, sold the estates' Nacogdoches County real property to Larry and Joyce Ellis. Phifer attempted unsuccessfully to have the district court case dismissed for lack of jurisdiction claiming that only the probate court could hear the Appraisal District's claims. After a hearing on the merits, the district court entered a judgment against Phifer, in his dual capacities, in the amount of $15,282.31. That judgment, signed May 18, 1999, further ordered the foreclosure of the Appraisal District's lien and the sale of the Nacogdoches County property. Phifer appealed, contesting the district court's jurisdiction and attacking the merits of the judgment.

■ In his first issue, Phifer contends that the Nacogdoches County District Court did not have jurisdiction over the Appraisal District's suit to collect delinquent taxes. He asserts that, pursuant to

section 5 of the Texas Probate Code, the Cherokee County Court at Law, which has original probate jurisdiction over the Bailey estate, has the power to hear all matters "incident to an estate" and all petitions regarding probate and administration must be filed and heard in that court. *See* TEX.PROB.CODE ANN. § 5(e) (Vernon Supp. 2000). He further contends that the Appraisal District's claims for delinquent taxes are claims "incident to an estate" as that phrase is used in section 5A. That phrase includes all claims against an estate and all actions for enforcement of liens on land incident to an estate. *See* TEX. PROB. CODE ANN. § 5A(a) (Vernon Supp.2000). Phifer also asserts that the Appraisal District's tax claim falls within the definition of "claims" in section 3(c) of the Probate Code, which provides that "claims" include liabilities of a decedent, including taxes. *See* TEX. PROB.CODE ANN. § 3(c) (Vernon Supp.2000). Further, Phifer argues that the probate court and the district court have concurrent venue and, pursuant to section 8, the probate court has jurisdiction because probate proceedings were instituted there before the tax suit was filed in district court. *See* TEX. PROB.CODE ANN. § 8(a) (Vernon 1980).

The Appraisal District, however, contends that the district court in Nacogdoches County had jurisdiction pursuant to section 33.41(a) of the Texas Property Tax Code which states:

> At any time after its tax on property becomes delinquent, a taxing unit may file suit to foreclose the lien securing payment of the tax, to enforce personal liability for the tax, or both. The suit must be in a court of competent jurisdiction for the county in which the tax was imposed.

TEX. TAX CODE ANN. § 33.41(a) (Vernon Supp.2000). The Appraisal District asserts that under *Estate of Crawford v.*

*Town of Flower Mound,* 933 S.W.2d 727 (Tex.App.—Fort Worth 1996, writ denied), when there is a conflict between the Property Tax Code and the Probate Code concerning proper jurisdiction for a tax suit involving real property outside of the county where the probate is pending, then the Property Tax Code provision controls. Apparently inspired by the holding in *Crawford,* the Texas Legislature, in 1999, added Probate Code section 5C, entitled "Actions to Collect Delinquent Property Taxes," which reads in pertinent part as follows:

(a) This section applies only to a decedent's estate that:

 (1) is being administered in a pending probate proceeding;

 (2) owns or claims an interest in property against which a taxing unit has imposed ad valorem taxes that are delinquent; and

 (3) is not being administered as an independent administration under Section 145 of this code.

(b) Notwithstanding any provision of this code to the contrary, if the probate proceedings are pending in a foreign jurisdiction or in a county other than the county in which the taxes were imposed, a suit to foreclose the lien securing payment of the taxes or to enforce personal liability for the taxes must be brought under Section 33.41, Tax Code, in a court of competent jurisdiction in the county in which the taxes were imposed.

TEX. PROB.CODE ANN. § 5C(a), (b) (Vernon Supp.2000).

In its motion for rehearing, the Appraisal District asserts for the first time that this Court must apply new section 5C to this case. It argues that section 5C reconciles any conflicts between the Probate Code's jurisdictional provisions and the

Tax Code's provisions by requiring this suit to collect delinquent property taxes to be brought in Nacogdoches County, the county in which the taxes were imposed. Even if the Cherokee County Court at Law originally acquired jurisdiction of the Appraisal District's tax claims, it argues, that court was divested of jurisdiction on September 1, 1999, the effective date of new section 5C.

Phifer responds that new section 5C is not applicable to this case for several reasons. He argues that the Supreme Court, in *Bailey v. Cherokee County Appraisal District*, 862 S.W.2d 581 (Tex.1993) (on reh'g), held that the Cherokee County Court at Law is the court of competent jurisdiction to adjudicate these claims. He also contends that the Appraisal District relinquished its lien for the alleged delinquent taxes in the Agreed Escrow Order. Further, he contends that because the estate sold the property to the Ellises, the estate does not own or claim an interest in the property as required by section 5C. Phifer additionally argues that 5C does not apply here because the district court's judgment was rendered May 18, 1999 and, therefore, the cause of action was not pending on September 1, 1999, the amendment's effective date. Finally, Phifer argues that the new probate laws cannot be applied to this case because retroactive application of amended Probate Code section 317(c) would destroy his defense of limitations in violation of the constitution's prohibition against ex post facto laws.

 The sole purpose of a motion for rehearing is to provide the court an opportunity to correct any errors on issues already presented. *Wentworth v. Meyer*, 839 S.W.2d 766, 778 (Tex.1992) (Cornyn, J., dissenting). A motion for rehearing does not afford a party an opportunity to raise new issues. *Id.* While applicability of new section 5C is raised for the first time

on rehearing, the issue is one of jurisdiction. Therefore, the applicability of the amendment may be raised for the first time in a motion for rehearing. *See Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex.1991); *Texas Alcoholic Beverage Comm'n v. Sfair*, 786 S.W.2d 26, 27 (Tex. App.—San Antonio 1990, writ denied) (on reh'g).

 Section 5C unquestionably provides that a suit to collect delinquent taxes on property should be brought in the county where the property is located even when probate proceedings are pending in another county. Accordingly, if section 5C applies, the Nacogdoches County District Court had jurisdiction over this case and the Cherokee County Court at Law did not. We now address whether new section 5C is applicable to this case. The threshold inquiry is whether the legislature expressly prescribed the statute's proper reach. *Landgraf v. USI Film Prods*, 511 U.S. 244, 280, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). If the legislature has done so, the legislative command must be obeyed without analyzing the issue further. *Id.* at 264, 114 S.Ct. 1483. Thus, when the legislature has specifically provided for the applicability of a new law to pending cases, the courts must apply the law as intended. Additionally, it is proper to apply intervening statutes conferring or ousting jurisdiction, whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed. *Id.* at 274, 114 S.Ct. 1483. Application of a new jurisdictional rule usually takes away no substantive right but simply changes the tribunal that is to hear the case. *Id.* Present law normally governs in such situations because jurisdictional statutes speak to the power of the court rather than to the rights or obligations of the parties. *Id.* Further, when the applicable law changes during the pendency of the appeal, the court of

appeals must render its decision in light of the change in the law. *Blair v. Fletcher*, 849 S.W.2d 344, 345 (Tex.1993) (per curiam).

▉ The legislature declared September 1, 1999 as the effective date for new section 5C. *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1481, § 52, 1999 Tex. Gen. Laws 5097, 5115. There is no savings clause providing that the former law is continued in effect for any purpose. *See City of Heath v. King*, 665 S.W.2d 133, 136 (Tex.App.—Dallas 1983, no writ). On the contrary, the amendment is specifically made applicable to all causes of action pending on September 1, 1999. Thus, the legislature clearly intended this jurisdictional amendment to apply retrospectively to cases that were filed prior to September 1, 1999 and that were still pending on that date. We must apply the law as intended. *See Landgraf*, 511 U.S. at 264, 114 S.Ct. 1483. This suit was filed in 1989. As Phifer points out, the trial court's judgment was entered on May 18, 1999. Phifer appealed to this Court in a timely manner and the cause was pending in this Court on September 1, 1999. The fact that the district court had entered its judgment prior to September 1, 1999 is not determinative. The applicable law changed during the pendency of the appeal and this Court must rule in light of the change in the law. *See Blair*, 849 S.W.2d at 345. Thus, consideration of these general rules of statutory construction directs us to apply new section 5C to this case. *See Landgraf*, 511 U.S. at 274, 114 S.Ct. 1483. As we explain below, even if the legislative directive were unclear or insufficient, there are other considerations that support this conclusion.

We shall not attempt an unnecessary in depth discussion of the somewhat murky history and evolution of probate jurisdiction. We also shall not attempt to differentiate between jurisdictional grants to constitutional county courts, statutory probate courts, and county courts at law. *See Palmer v. Coble Wall Trust Co.*, 851 S.W.2d 178, 180 n. 3 (Tex.1992) (setting out complex scheme of Texas probate jurisdiction as it stood in 1992). Our focus here is on the authority of a district court to hear a delinquent tax suit concerning property located in the same county as the district court but also involved in probate proceedings pending in another county. Keeping our narrow focus in mind, we review these subjects from a historical perspective which also supports our determination that this case belongs in the Nacogdoches County District Court.

Prior to 1973, the Texas Constitution provided that district courts had jurisdiction over certain enumerated probate matters. TEX. CONST. art. V, § 8 (amended 1973, 1985). In 1973, section 8 was amended to expand the district court's probate jurisdiction and provided that the legislature may change the jurisdiction of district or county courts in probate matters. TEX. CONST. art. V, § 8 (amended 1985). However, by amendment to the Probate Code, the legislature has diminished the jurisdiction of the district court in probate related matters. *See* TEX. PROB.CODE ANN. §§ 5, 5A; *Pullen v. Swanson*, 667 S.W.2d 359, 361 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Current article V, section 8 of the constitution, which has been in effect since 1985, is much more general than previous versions. It states in pertinent part that "District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." TEX. CONST. art. V, § 8. Thus, the trend would appear to be to

require parties to try cases involving estates in the probate court.

On the other hand, a different picture comes to light when considering suits to collect delinquent property taxes and enforce liens on land. The Texas Constitution provides that the annual assessment of taxes against land constitutes a lien on the property until the taxes have been paid. TEX. CONST. art. VIII, § 15. All property belonging to a delinquent taxpayer is susceptible to seizure and sale for the payment of taxes under regulations as the legislature may provide. *Id.* The 1876 version of Article V, section 8 specifically granted jurisdiction for the enforcement of liens on land to the district court. TEX. CONST. art. V, § 8 (amended 1891, 1973, 1985). That provision remained in tact until 1985 when it was removed in favor of the more general language set out above providing that unless exclusive, appellate, or original jurisdiction is conferred on another court, the district court has jurisdiction. The Probate Code includes enforcement of liens on land among those enumerated matters to be heard in constitutional county courts, statutory county courts at law, statutory probate courts, and district courts when incident to an estate. *See* TEX. PROB.CODE ANN. § 5A(a), (b). However, no other court has been given exclusive, appellate or original jurisdiction over suits to enforce a lien on land not incident to an estate. Thus, jurisdiction over suits to enforce a lien on land not incident to an estate remains in the district court. However, this incident/not incident to an estate dichotomy addresses the issue of which court within one county has jurisdiction. It does not resolve the jurisdictional dilemma presented when the land is in one county and probate of the estate is pending in another county.

 The legislature has, since 1943, specifically required suits to collect delinquent property taxes to be brought in the county in which the taxes were levied. Act of March 25, 1943, 48th Leg., R.S., ch. 110, § 1, 1943 Tex. Gen. Laws 191, 191, *repealed by* Act of May 24, 1979, 66th Leg., R.S., ch. 841, § 6, 1979 Tex. Gen. Laws 2217, 2329, *codified by* Act of May 24, 1979, 66th Leg., R.S ., ch. 841, § 1, 1979 Tex. Gen. Laws 2217, 2293 (amended 1981) (current version at TEX. TAX CODE ANN § 33.41 (Vernon Supp.2000)). Tax liens attach upon the land rather than upon the person, and a foreclosure suit is a proceeding "in rem" rather than "in personam." *Nickey v. Mississippi*, 292 U.S. 393, 397, 54 S.Ct. 743, 78 L.Ed. 1323 (1934); *Richey v. Moor*, 112 Tex. 493, 249 S.W. 172, 173–74 (1923); *Trimble v. Farmer*, 296 S.W.2d 580, 586 (Tex.Civ.App.—Fort Worth 1956), *rev'd on other grounds*, 157 Tex. 533, 305 S.W.2d 157 (1957). It follows that a foreclosure suit should be brought in the county where the property is located. Moreover, taxing units derive the authority to file suit to collect delinquent property taxes from section 33.41 of the Tax Code which directs them to file suit in the county in which the tax was imposed, meaning in the county where the land is located. *See* TEX. TAX CODE ANN. § 33.41. When a cause of action is derived from a statute, the statutory provisions are mandatory and exclusive and must be complied with in all respects or the action is not maintainable for lack of jurisdiction. *Grounds v. Tolar Indep. Sch. Dist.*, 707 S.W.2d 889, 891 (Tex.1986). This is persuasive authority for determining that this delinquent tax suit involving land in Nacogdoches County should be heard in the district court in that county.

Finally, as explained in *Crawford*, policy considerations favor our holding that jurisdiction over this case lies in the district court. The jurisdictional requirement of

Tax Code section 33.41(a) was imposed "to ensure that governmental taxing units need not bear the burden and expense of enforcing their taxes in every county in Texas." *Crawford*, 933 S.W.2d at 730. Taxing authorities should not be required to first determine whether every taxpayer is alive and then research every county in Texas to discover if a probate proceeding is pending. *See id.* The case before us provides adequate illustration of the need to curb this burden, as various taxing authorities in each of several counties have been involved in litigation with the Bailey estate in attempts to collect past due taxes.

Phifer contends that the 1993 Texas Supreme Court case involving the Bailey estate requires this case to be tried in probate court. In that case, the taxing authorities in Cherokee County had filed suit in the district court in Cherokee County to collect taxes accruing on estate property located in Cherokee County. The Supreme Court held that, because the case constituted a claim against the estate, filed after administration had begun in the Cherokee County Court at Law sitting in probate, jurisdiction over the taxing authorities' claims lay with the Cherokee County Court at Law. *Bailey*, 862 S.W.2d at 585. While that case held that the Cherokee County Court at Law was the court of competent jurisdiction to consider the Cherokee County taxing authorities' claims, that case is not controlling here. That case did not involve land located in a county other than the county where probate proceedings were pending. Further, even if the land had been in another county, section 5C was not available for the Supreme Court's consideration.

■ With regard to Phifer's assertion that section 5C does not apply because the estate sold the property to the Ellises,

Phifer misconstrues the statute. Section 5C(a)(2) makes this section applicable to an estate that "owns or claims an interest" in property owing delinquent ad valorem taxes. *See* TEX. PROB.CODE ANN. § 5C(a)(2). Section 5C instructs taxing units where to file actions to collect delinquent property taxes. The guidelines of the statute must necessarily apply at the time suit is filed. Otherwise, an estate could simply divest a court of jurisdiction by selling the property between the date suit is filed and the date of judgment. Parties cannot manipulate jurisdiction. Accordingly, we disagree that present ownership by a third party can affect applicability of section 5C or alter its requirement that this suit should be heard in a court of competent jurisdiction in Nacogdoches County, the county in which the property at issue is located.

We need not reach Phifer's argument based on his assertion that retroactive application of amended Probate Code Section 317(c), which involves the presentment of claims against the estate, would constitute a violation of his constitutional rights. *See* TEX. PROB.CODE ANN. § 317(c) (Vernon Supp.2000). Although section 317(c) was amended at the same time section 5C was added, we need not consider its effect. Section 317(c) does not factor into a determination of where the Appraisal District must assert its claims. Therefore, whether retroactive application of section 317(c) would be unconstitutional is not a question that is before us.

■ This is a hybrid case to enforce a lien on land in one county incident to an estate pending in another county. Although ordinarily, pursuant to the Probate Code, all claims against an estate, all actions for enforcement of liens on land incident to the estate, and all matters relating to the settlement of the estate should be heard in the probate court, the legislature

has carved out an exception to the rule. The legislature has made it clear that in suits to collect delinquent taxes on property located in a county other than the county where the estate is being probated, whether the issues are incident to or appertaining to an estate is not controlling. In such cases, including the one before us, the Tax Code's requirement that suit be brought in the county where the property is located controls. Accordingly, we conclude that the Nacogdoches County District Court had jurisdiction pursuant to section 33.41 of the Tax Code. *See* TEX. TAX CODE ANN. § 33.41; TEX. PROB.CODE ANN. § 5C. We overrule Phifer's first issue.

In his second issue, Phifer raises five separate issues. He contends that the trial court erred in not allowing him to file a document entitled "Defendant's Appearance and First Amended Plea in Abatement," in allowing the Appraisal District to recover on a claim barred by limitations, in failing to grant Alibe Bailey's Plea in Abatement, in holding that Phifer, in his capacity as representative of Alibe Bailey's estate, defaulted, and in failing to grant his oral motion for continuance.

We need not address Phifer's argument under this issue that the trial court erred ‚in denying the plea in abatement filed February 12, 1990. That was a plea to the jurisdiction, a subject we fully considered in addressing Phifer's first issue.

A recitation of some procedural facts is necessary here. The Appraisal District's Original Petition, filed December 4, 1989, named as defendants Alibe Bailey, individually and as administratrix of the W.E. Bailey estate, William E. Bailey, and Robert E. Bailey. The defendants filed their "Defendants' Appearance and Plea in Abatement". on February 12, 1990, asserting that the district court lacked subject matter jurisdiction and entering a general denial. Alibe Bailey died on June 1, 1992.

On September 29, 1997, the Appraisal District filed its First Amended Original Petition, naming as the sole defendant Phifer, in his capacity as administrator of the W.E. Bailey estate. On November 10, 1997, the Appraisal District filed its Second Amended Original Petition, naming as defendant Phifer in his capacity as administrator of the W.E. Bailey estate and in his capacity as co-independent executor of the Alibe Bailey estate. Phifer filed a general denial in his capacity as administrator of the W.E. Bailey estate on November 12, 1997. He did not file a timely answer in his capacity as co-independent executor of the Alibe Bailey estate.

In his capacity as administrator of the W.E. Bailey estate, Phifer filed a motion to dismiss for lack of jurisdiction on March 5, 1999, arguing that the Cherokee County Court at Law had exclusive jurisdiction because probate of the estates was pending there. This motion was denied by Judge Jack Pierce on March 15, 1999, without a hearing. On May 8, 1999, Phifer mailed a document entitled "Defendants' Appearance and First Amended Plea in Abatement" which is file stamped as having been filed on May 10, 1999. The parties appeared before visiting Judge Joe Clayton on May 10. At that hearing, counsel for Phifer attempted to re-urge the question of jurisdiction, arguing that he was, until that day, unaware that his motion to dismiss had been ruled on. Judge Clayton agreed to reset the case to May 12 to allow Judge Pierce to determine whether he wished to hear oral argument on the jurisdictional issue in spite of having previously ruled on the motion to dismiss. Judge Pierce declined to revisit the question of jurisdiction, found that Phifer had notice of the hearing on the merits, denied leave to file Phifer's amended pleading, denied counsel's request for a continuance, and proceeded to hear the

merits of the case. The trial judge later entered a written order striking Phifer's amended plea.

■ Phifer complains that he was not allowed to file his amended pleading. Under Rule 63 of the Rules of Civil Procedure, a party seeking to file an amended pleading within seven days of the date a case is set for trial must obtain leave from the judge. TEX.R. CIV. P. 63. Where leave is sought, the trial judge has no discretion to refuse it unless the opposing party presents evidence of surprise or prejudice or the amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party objects to the amendment. *Id; Greenhalgh v. Service Lloyds Ins. Co.,* 787 S.W.2d 938, 939 (Tex.1990).

Counsel asserted that the amended pleading was placed in the mail on May 8. It was file stamped May 10. The trial was set for May 10. The case was actually heard on May 12. Clearly, whether considering the date mailed or the date filed, the amendment was tendered within seven days of the trial setting. Accordingly, Phifer was required to obtain leave of court. Leave of court was not requested until after the document was filed. Further, the amended pleading raises the affirmative defense of limitations and is thus prejudicial on its face. *See id.* The Appraisal District objected to the amendment. Accordingly, the trial judge did not err in refusing to allow the amended pleading to be filed. *See id.*

In a separate argument under issue two, Phifer complains of the default judgment entered against him in his capacity as executor of Alibe Bailey's estate. As explained, Alibe Bailey filed a general denial in 1990, on behalf of herself individually, and as the administrator of the W.E. Bailey estate. Phifer, on November 12, 1997, filed a general denial in his capacity as administrator of the W.E. Bailey estate. Phifer did not file a timely answer in his capacity as co-independent executor of the Alibe Bailey estate. Following Alibe Bailey's death, the Appraisal District did not file a scire facias pursuant to Rule of Civil Procedure 152 to bring Alibe Bailey's representative into the suit. Phifer asserts that, in the absence of a scire facias, the answer filed by Alibe Bailey in 1990 inures to Phifer's benefit in his capacity as representative of her estate. The Appraisal District responds that a writ of scire facias is inapplicable because it had, by its First Amended Original Petition, effectively nonsuited Alibe Bailey by naming Phifer only in his capacity as representative of the W.E. Bailey estate. It further reasons that, when it filed its second amended petition naming Phifer in both capacities, and had him served in both capacities, it brought the Alibe Bailey estate back into the suit. Accordingly, as Phifer never answered in his capacity as representative of the Alibe Bailey estate, the default entered against Phifer in his capacity as representative of the estate of Alibe Bailey was proper.

■ To set aside a default judgment by motion for new trial the movant must 1) establish that the failure to answer was not intentional or the result of conscious indifference, 2) set up a meritorious defense, and 3) demonstrate that setting aside the default will not cause a delay or otherwise injure plaintiff. *Estate of Pollack v. McMurrey,* 858 S.W.2d 388, 390 (Tex.1993). We review the trial court's denial of the motion for new trial under an abuse of discretion standard. *Id.* Whether the executor's failure to answer was intentional or the result of conscious indifference is a fact question. *Id.* The movant must, by affidavits accompanying its motion for new trial, set forth facts which, if true, would negate an intentional or con-

sciously indifferent failure to answer. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38–39 (Tex.1984). When a default judgment is attacked on direct appeal, every step of the proceeding is open to examination. *Plains Chevrolet, Inc. v. Thorne*, 656 S.W.2d 631, 633 (Tex.App.—Waco 1983, no writ). The record must affirmatively show a strict compliance with all the necessary requisites for issuance, service, and return of process. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990); *Thorne*, 656 S.W.2d at 633.

The rules of civil procedure provide a method for proceeding with a pending cause of action that survives after the death of a party. Rule 152 applies on the death of a defendant, requiring her estate's legal representative to appear and defend the suit after being served with scire facias. TEX.R. CIV. P. 152. The scire facias and returns thereon must conform to the requisites of citations and returns as set out in the rules of civil procedure. TEX.R. CIV. P. 154. The purpose of scire facias is to substitute the legal representatives in the decedent's place. *Estate of Pollack*, 858 S.W.2d at 394 (Gonzalez, J., concurring). When a writ of scire facias has issued, the deceased's legal representative may adopt pleadings previously filed by the decedent, thereby preventing rendition of a valid default judgment for failure to file an answer. *Id.* This procedure was not followed in this case.

An amended pleading supersedes and supplants the original pleading. TEX.R. CIV. P. 65. An amended petition that omits a previously named defendant operates as a voluntary dismissal as to that party. *Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex.1972). Accordingly, when the Appraisal District filed its amended petition of September 29 in which it omitted Alibe Bailey, it dropped her from the suit. At that point, the rules regarding the writ of scire facias, including service pursuant to Rule 154, were inapplicable. When, on November 10, the Appraisal District filed its second amended petition naming Phifer in his capacity as representative of Alibe Bailey's estate, it had to comply with the rules regarding issuance, service and return of citation in order to effectively bring him into the suit in this additional capacity. *See Hill v. Heritage Res., Inc.*, 964 S.W.2d 89, 142 (Tex.App.—El Paso 1997, pet. denied); *Evans v. Hoag*, 711 S.W.2d 744, 746 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). The record shows that citation, directed to Phifer in both his capacity as representative of the W.E. Bailey estate and as representative of the Alibe Bailey estate, was issued on March 25, 1999 and served on March 29, 1999. The sheriff's return was properly filed thereafter.

Phifer briefly asserted in his motion for new trial that he should be allowed to rely on the previously filed answer of Alibe Bailey. As explained above, that 1990 answer does not, under the facts of this case, inure to Phifer's benefit. The Appraisal District properly served Phifer after amending its petition to name Phifer as representative of Alibe Bailey's estate as a defendant. Therefore, Phifer, as representative of Alibe Bailey's estate, was properly brought into the suit. Phifer attached no affidavit to his motion for new trial regarding the subject of his failure to answer. Phifer did not establish that his failure to answer was not intentional or the result of conscious indifference. *See Estate of Pollack*, 858 S.W.2d at 390. Accordingly, we conclude that the trial court did not err in refusing to set aside the default judgment.

Also under his second issue, Phifer contends the trial court erred in failing to grant counsel's oral motion for continuance which was based on Phifer's inability to attend trial as a witness.

Counsel's oral motion, unsupported by affidavit or consent of the Appraisal District, does not satisfy the requisites of Rule 251 of the Texas Rules of Civil Procedure. *See* Tex.R. Civ. P. 251; *Favaloro v. Commission for Lawyer Discipline*, 13 S.W.3d 831, 838 (Tex.App.—Dallas 2000, no pet.). When the provisions of Rule 251 have not been satisfied, it will be presumed that the trial court did not abuse its discretion in denying a continuance. *Favaloro*, 13 S.W.3d at 838.

■ Finally, under issue two, Phifer alleges it was error to allow the Appraisal District to recover on a claim barred by limitations. This complaint goes directly to the viability of an affirmative defense that was never pleaded. The Rules of Civil Procedure require a claim that a plaintiff's cause of action is barred by the applicable statute of limitations to be affirmatively set forth in a responsive pleading. Tex.R. Civ. P. 94. In the absence of the required pleading, this issue was not before the trial court. *See Moore v. Rotello*, 719 S.W.2d 372, 380 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Having found no merit to any of the complaints raised by Phifer in his second issue, we overrule issue two.

■ In his third issue, Phifer asserts that the trial court erred in failing to grant his motion for new trial because the Ellises, purchasers of the Nacogdoches County property at issue, were not joined in this suit. Phifer contends that the failure to bring them into the suit constitutes a violation of their due process rights. A party on appeal may not complain of errors that do not injuriously affect him or that merely affect the rights of others. *See Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 150 (Tex.1982). Accordingly, to the extent Phifer complains of a violation of the Ellises' rights, he may not do so.

■ Phifer further asserts that, in the Ellises' absence, complete relief cannot be granted and he "would be in substantial risk of incurring double liability." If this is a complaint that the Ellises should have been joined in the lawsuit, Phifer has waived this complaint. The Ellises became the owners of the property on October 14, 1998. At no time prior to the date of trial did Phifer attempt to join the Ellises in the lawsuit. At the close of the hearing on the merits, after both sides had rested, Phifer asserted that the Ellises should have been made parties to this suit. However, there was never a request for leave to serve the Ellises with citation and petition. Assuming the mere mention of joinder combined with the expression of opinion that someone should be joined constitutes a request, it was too late. *See* Tex.R. Civ. P. 37, 38; *Malloy v. Newman*, 649 S.W.2d 155, 158 (Tex.App.—Austin 1983, no writ) (request for joinder urged on day of trial held too late).

■ Also under his third issue, Phifer contends that, as the agreed order entered by the probate court removed the Appraisal District's lien from the land and placed it on the sale proceeds, the Appraisal District cannot foreclose on the land. As we explained, the Nacogdoches County District Court has jurisdiction over the Appraisal District's suit for delinquent taxes. The Cherokee County Court at Law did not have jurisdiction over the Appraisal District's claims at the time it entered the Agreed Order. A court without jurisdiction cannot render a valid judgment. *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex.1987) (on reh'g). Accordingly, the Agreed Order was null and void and did not operate to transfer the Appraisal District's tax lien from the real property to the proceeds of the sale.

Additionally, Phifer contends under his third issue, that he was not given proper notice of the trial setting. He asserts that the failure to provide proper notice of the trial violated his right of due process. Phifer does not assert that he did not receive the notice that was sent. He argues only that he thought the notice was for a hearing on his motion to dismiss.

The law presumes that a trial court will hear a case only after proper notice to the party. *Platt v. Platt*, 991 S.W.2d 481, 484 (Tex.App.—Tyler 1999, no pet.). To rebut this presumption, Phifer has the burden to affirmatively show a lack of notice by affidavit or other competent evidence. *Id.* Phifer filed an affidavit with his motion for new trial asserting that he thought the notice he received related to a hearing on his motion to dismiss. Attached to his affidavit is a copy of a notice, dated March 19, 1999, that Phifer admits he received. That notice states that a "HEARING ON THE MERITS" is set for May 10, 1999. Our record also contains a second notice, dated April 13, 1999, which states that a "HEARING ON A TAX SUIT" is set for May 10, 1999. Both notices state that the hearing was requested by the plaintiff, a fact making Phifer's argument that he thought the hearing was on his own motion to dismiss less credible. We conclude that Phifer did not overcome the presumption that he received proper notice of the trial setting. *See Estrada v. Wausau Ins., Co.*, 985 S.W.2d 480, 482 (Tex. App .—San Antonio 1998, pet. denied). Accordingly, the trial court did not err in denying Phifer's motion for new trial based on Phifer's alleged failure to receive notice of the trial setting. We overrule Phifer's third issue.

In his fourth issue, Phifer contends the evidence is insufficient to support the trial court's award of damages to the Appraisal District. He argues that the Appraisal District's witness testified that he did not know if the required delinquent tax notices were sent to Alibe Bailey when she was administrator of the estate of W.E. Bailey. Phifer contends this testimony is a judicial admission that proper notice was not sent, precluding any award for penalties and interest. He also argues that the trial court erred by including claims barred by limitations.

Texas Rule of Civil Procedure 54 provides that it is sufficient to aver generally that all conditions precedent have been performed and when a party has so pleaded, he is required to prove only that which is specifically denied by the opposing party. TEX.R. CIV. P. 54. Here, Phifer, as representative of W.E. Bailey's estate, filed only a general denial and, as representative of Alibe Bailey's estate, filed no answer. Section 33.47 of the Tax Code provides that the delinquent tax roll constitutes prima facie evidence that all requirements of law relating to the imposition of the tax have been complied with. *See* TEX. TAX CODE ANN. § 33.47 (Vernon Supp.2000). Here, when the Appraisal District introduced certified copies of the delinquent tax record, it established its prima facie case as to every material fact necessary to establish its cause of action, including that Phifer received proper delinquent tax notices. *See Davis v. City of Austin*, 632 S.W.2d 331, 333 (Tex.1982). Phifer presented no witnesses. Defendant's Exhibit 1, admitted during cross-examination of the Appraisal District's witness, does not bear on the issue of whether the property owners received delinquent tax notices. Further, in light of Phifer's failure to specifically deny that notice was properly given, the Appraisal District was not required to offer independent proof of proper notice. Accordingly, the Appraisal District's evidence was sufficient to support the trial court's damages award. *See*

TEX.R. CIV. P. 54; *Gill Sav. Ass'n v. International Supply Co.,* 759 S.W.2d 697, 701 (Tex.App.—Dallas 1988, writ denied); *Bryan Indep. Sch. Dist. v. Lamountt,* 726 S.W.2d 192, 193 (Tex.App.—Houston [14th Dist.] 1987, no writ).

To the extent Phifer argues under this issue that the trial court's award is erroneous because some amounts are barred by limitations, that affirmative defense was not before the trial court and properly not considered in calculating the damage award. *See* TEX.R. CIV. P. 94; *Moore,* 719 S.W.2d at 380. We overrule Phifer's fourth issue.

We *affirm* the trial court's judgment.