NO. 07-01-0311-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 7, 2003

_____

BENEDIT OSUJI, APPELLANT

V.

GALVARINO GUERRERO, APPELLEE

_____

FROM THE COUNTY CIVIL COURT AT LAW NO. 2 OF HARRIS COUNTY;

NO. 731172; HONORABLE GARY MICHAEL BLOCK, JUDGE

_____

Before JOHNSON, CJ., REAVIS, J., and BOYD, SJ.[*]

Benedit Osuji (Osuji) brings this appeal from a post-answer default judgment rendered in favor of his former business partner, appellee Galvarino Guerrero (Guerrero). Finding no reversible error, we affirm the judgment of the court below.

---

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).

The dispute giving rise to this litigation arose from a partnership between the parties to provide physical therapy services to Medicare patients. Guerrero provided equipment and therapy services and Osuji performed administrative services. Due to apparent mutual dissatisfaction, the partnership effectively dissolved and, on March 14, 2000, Guerrero filed suit pro se to recover for services rendered in furtherance of the partnership. The date citation was served on Osuji is not shown in the record. The case was set for trial on several occasions before Osuji filed his answer.

Osuji filed his original answer on February 6, 2001. This answer asserted counterclaims for breach of contract, breach of fiduciary duty, an accounting, and reimbursement. Contemporaneously, he filed a motion for continuance. The case was set for trial on February 14, 2001, then March 21, 2001. It was referred to mediation by an order dated February 16. Osuji filed another motion for continuance and trial was reset to March 28, 2001.

The case was called for trial on March 28, 2001, and although Guerrero appeared and announced ready, Osuji did not appear. The court rendered a default judgment of $7,000, together with post-judgment interest of 10% per year. On learning of the judgment, Osuji filed a motion for new trial on April 24, 2001, claiming entitlement thereto alleging he met each of the elements set out in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). The trial court denied the motion, thus prompting this appeal.

2

Osuji has filed a brief presenting three issues for our consideration. They are 1) whether the trial court erred in rendering the default judgment without evidence, 2) whether the trial court erred in denying his motion for new trial without conducting a hearing, and 3) whether Guerrero's petition, seeking reimbursement for services contributed to the partnership, presented a justiciable cause of action. Osuji's argument in support consists of one and a half pages citing a single case in support of the first issue, does not address his second issue, and alleges the Texas Uniform Partnership Act requires an accounting before the recovery of damages.

Although not listed in his statement of the issues, Osuji's argument addresses the core issue in an appeal from a default judgment, whether he was entitled to a new trial under the standards enunciated in *Craddock*. As explicated in that case, those elements are 1) that the failure to answer prior to judgment was not intentional or the result of conscious indifference, 2) that the motion for new trial sets up a meritorious defense, and 3) that the granting of the motion for new trial would not result in delay or otherwise injure the plaintiff. *Id.* at 126.

In support of the first element, Osuji contends that his failure to appear at trial was due to his mistaken belief that the trial had been continued until May 21, 2001, because of the outstanding mediation order. The motion stated that his belief was based on statements of an assistant in the mediator's office. The motion recites that supporting affidavits are attached, however, none appear in the record. The record contains a

3

verification of the motion signed by Osuji. The motion did not contain any request for a hearing.

A motion for new trial is addressed to the trial court's discretion and the court's ruling on such will not be disturbed on appeal in the absence of a showing of an abuse of that discretion. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984). The determination of whether a party's failure to answer was intentional or the result of conscious indifference is a question of fact. *State Farm Life Ins. Co. v. Masharaf*, 794 S.W.2d 578, 583 (Tex.App.--Houston [1st Dist.] 1990, writ denied). It is the rule that if the factual assertions in the defendant's affidavit are not controverted, a defendant satisfies its burden if those affidavits set out facts which, if true, negate intent or conscious indifference and show the failure to answer was the result of an accident. A trial court abuses its discretion by not granting a new trial in that circumstance. *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994).

By failing to attach an affidavit to his motion for new trial regarding the subject of his failure to answer, there was no evidence on which the trial court could make a factual finding that the failure to answer was the result of accident or mistake. *See Phifer v. Nacogdoches County Cent. Appraisal Dist.*, 45 S.W.3d 159, 172 (Tex.App.--Tyler 2000, pet. denied). Even if we treated the verification signed by Osuji as the equivalent of an affidavit, it fails to establish the lack of conscious indifference on the part of his counsel, who did not sign the verification. This is because when a party relies on an agent or

4

representative to respond to a suit, the party must establish that the failure was not intentional or the result of conscious indifference of either the party or the agent. *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 391 (Tex. 1993).

Osuji has failed to establish the first prong of *Craddock*. Consequently, he cannot establish the denial of his motion for new trial was an abuse of discretion. Unlike a no-answer default judgment, the failure of a defendant to appear after filing an answer does not constitute an abandonment of their answer or confession of the issues placed in controversy by the general denial. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). The plaintiff must produce evidence establishing his claims. *Id.* We must, therefore, review Osuji's challenges to the sufficiency of the evidence.

Osuji argues that "the record fails to show any evidence introduced at trial." A reporter's record from the March 28, 2001 trial is part of the record on appeal. It consists of a mere two pages of testimony from Guerrero. In that brief testimony, he recites the existence of a partnership and the allocation of duties between the partners. He testified that he performed under the partnership agreement and that Osuji did not perform the duties to which he agreed, other than accepting payments. Guerrero also testified that he was entitled to $7,000 under the partnership agreement and had made a demand on Osuji for payment. The trial court's judgment conformed to this evidence and the pleadings. Osuji failed to request findings of fact and conclusions of law. In a non-jury trial, where findings of fact and conclusions of law are neither filed nor requested, it is implied that the

trial court made all the necessary findings to support its judgment. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992).

Osuji cites sections 21 and 22 of the Texas Uniform Partnership Act, Tex. Rev. Civ. Stat. Ann. art. 6132b (Vernon 1970), for the proposition that his sole remedy for breach of the partnership agreement was an action for an accounting. However, this statute has expired. Tex. Rev. Civ. Stat. Ann. art. 6132b (Vernon Supp. 2003). It has been superceded by article 6132b-4.06(b) (Vernon Supp. 2003), which provides a partner may maintain and action against another partner, "with or without an accounting as to partnership business,[] to enforce a right under the partnership agreement." *Id.*

Finding no merit in Osuji's complaints, we overrule them and affirm the judgment of the trial court.

John T. Boyd
Senior Justice

Do not publish.

6