Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00092-CV

Hong Dae **PANG**,
Appellant

v.

Min Chong **DE SANTIS**,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-08477
Honorable David A. Berchelmann, Jr., Judge Presiding

Opinion by:     Catherine Stone, Justice

Sitting:        Catherine Stone, Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:    December 10, 2008

AFFIRMED

This is an appeal from a final divorce decree that terminated appellant Hong Dae Pang's marriage to appellee Min Chong De Santis. In two issues, Pang argues the trial court abused its discretion by: (1) denying his request for a continuance; and (2) making an unequal division of the marital estate in De Santis's favor. We affirm.

## BACKGROUND

Pang and De Santis were married on December 2, 1992. During their marriage, Pang and De Santis had one child, Melody. De Santis filed for a divorce in June 2007, asserting Pang had tried to kill her and that his cruel treatment of her made living together insupportable. De Santis asked the trial court to make a disproportionate distribution of the marital estate in her favor based on Pang's fault in the breakup of the marriage and her anticipated conservatorship over Melody. De Santis also asked the court to issue orders for the safety and welfare of Melody.

When the case was called to trial on October 1, 2007, Pang's attorney requested a continuance on the basis that his client could not physically appear at the divorce proceeding due to his incarceration. The trial court denied the request for a continuance, and the case proceeded to a bench trial.[1] The record shows the trial court heard evidence that De Santis was the primary caretaker of Melody. De Santis indicated Pang was an inattentive father, who would lay on the sofa after he came home from work and watch videos until he fell asleep. In addition to hearing evidence about Pang's inattentiveness as a father, the trial court heard evidence that Pang sexually abused De Santis throughout their marriage. De Santis testified she would have to wear jeans to bed to deter Pang from sexually abusing her after she had fallen asleep.

The trial court also heard evidence that Pang attempted to take the lives of De Santis and Melody. De Santis indicated Pang almost killed her and Melody after she told Pang that the couple should consider getting a divorce. According to De Santis, Pang retrieved his handgun after her remark and began firing the gun into the door of the room which she and Melody were occupying.

---

[1] Although Pang was unable to make a physical appearance at the proceeding, the record demonstrates that the trial court allowed Pang to participate in the divorce proceeding via telephone.

After he stopped shooting, Pang held De Santis and Melody at gunpoint until they begged him to spare their lives.

In addition, the trial court heard evidence regarding the parties' assets and liabilities. At the time of trial, the community estate consisted of the couple's home, an automobile, a small sushi business, and various household furnishings and appliances. The community estate also had approximately $40,000 in credit card related debt. Following the parties' testimony, the trial granted De Santis's request for a divorce on the grounds of cruelty,[2] awarded custody of Melody to De Santis, and divided the marital estate in a disproportionate manner that favored De Santis. No party requested the trial court to enter findings of fact and conclusions of law in support of its rulings, and this appeal followed.[3]

### MOTION FOR CONTINUANCE

Pang contends the trial court abused its discretion by denying his oral request for a continuance. The denial of a continuance motion is reviewed under an abuse of discretion standard. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

Texas Rule of Civil Procedure 251 provides: "No application for a continuance shall be heard before the defendant files his defense, nor shall any continuance be granted except for sufficient

---

[2] The grounds for a fault-based divorce specifically include cruelty. TEX. FAM. CODE ANN. § 6.002 (Vernon 2006).

[3] We note that in a bench trial, "'where no findings of fact or conclusions of law are filed or requested, it will be implied that the trial court made all the necessary findings to support its judgment.'" *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992) (citations omitted).

cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. If a continuance motion does not comply with Rule 251, we will presume the trial court did not abuse its discretion in denying the motion. *In re Estate of Alexander*, 250 S.W.3d 461, 463 (Tex. App.—Waco 2008, pet. denied); *Phifer v. Nacogdoches County Cent. Appraisal Dist.*, 45 S.W.3d 159, 173 (Tex. App.—Tyler 2000, pet. denied).

The record contains Pang's oral request for a continuance. Pang's oral motion, however, does not comply with the requirements of Rule 251. *See In re Estate of Alexander*, 250 S.W.3d at 463 (concluding oral request for a continuance did not comply with Rule 251); *Phifer*, 45 S.W.3d at 173 (same). Because Pang did not comply with the requirements of Rule 251, we cannot say the trial court abused its discretion in denying his request for a continuance. *See In re Estate of Alexander*, 250 S.W.3d at 463; *Phifer*, 45 S.W.3d at 173. Pang's first issue is therefore overruled.

## UNEQUAL PROPERTY DIVISION

Pang also contends the trial court abused its discretion when it divided the marital estate in an unequal manner because the court had no reasonable basis for a disproportionate property division. A trial court is required to divide the community estate in a manner that is just and right having due regard for the rights of each party. TEX. FAM. CODE ANN. § 7.001 (Vernon 2006). Trial courts have broad discretion in dividing the community estate, and we presume a trial court has exercised its discretion properly. *Murff v. Murff*, 615 S.W.2d 696, 698-99 (Tex. 1981). Therefore, absent an abuse of discretion, we will not disturb the trial court's division of the community estate on appeal. *Id.* at 698.

"The division of the marital estate need not be equal, and fault is one of the many factors that a trial court may consider in making a division of the community estate." *Ohendalski v. Ohendalski*,

203 S.W.3d 910, 914 (Tex. App.—Beaumont 2006, no pet.). Although a trial court need not divide the community estate equally, a disproportionate division must be supported by some reasonable basis. *Id.* "If there is some evidence of a substantive and probative character to support the decision, the trial court does not abuse its discretion if it orders an unequal division of the marital estate." *Id.*

The record reflects the trial court awarded Pang 40% of the equity in the parties' home as well as his watch, wedding ring, and clothing. As for De Santis, the trial court awarded her the parties' home, household furnishings and appliances, sushi business, and automobile. The court also ordered De Santis to pay all of the community's debt, including Pang's 40% interest in the equity of the home. Although Pang contends the trial court had no reasonable basis to award De Santis more than half of the marital estate, the record demonstrates otherwise. The record reveals the trial court had grounds to make an unequal property division based upon its award of custody of the parties' minor child to De Santis. *See Vannerson v. Vannerson*, 857 S.W.2d 659, 669 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (the award of custody of any children is a factor that a court may consider in making a division of the marital estate). Moreover, the court was justified in making an unequal property division based on the cruel treatment Pang exhibited toward De Santis during the parties' marriage. *See Ohendalski*, 203 S.W.3d at 914. The trial court heard testimony that De Santis endured sexual abuse throughout the parties' marriage and was nearly killed by Pang. Because the trial court had a reasonable basis for making an unequal property division in De Santis's favor, we cannot conclude the trial court abused its discretion. Pang's second issue is therefore overruled.

**CONCLUSION**

Based on the foregoing, the judgment of the trial court is affirmed.


Catherine Stone, Justice