Opinion issued March 4, 2010.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00400-CV

———————————

ARVA THOMAS, Appellant

V.

RADIOSHACK
CORPORATION AND DANICA REYES, Appellees



 



 

On Appeal from the 11th District Court 

Harris County, Texas



Trial Court Case No. 05-50267

 



 

MEMORANDUM OPINION

          After the trial court rendered a take-nothing
judgment in favor of appellees, Radioshack Corporation and Danica Reyes,
appellant, Arva Thomas, filed this appeal contending that the trial court erred
in denying her (1) request for a jury trial and (2) motion for
continuance.  We affirm.

BACKGROUND

          Thomas’s case was called for trial on
July 5, 2007.  It is undisputed that
Thomas had neither requested a jury trial, nor paid a jury fee, prior to the
day of trial.  Thomas requested a jury trial
in open court, which the trial court denied. 
Alternatively, Thomas requested a motion for continuance, which the
trial court also denied.  The case was
then tried, with Thomas refusing to prosecute her case further.  After Thomas put on no evidence, Radioshack
and Reyes moved for a judgment in their favor. 
The trial court rendered judgment that Thomas take nothing on her claims
against Radioshack and Reyes.  This
appeal followed.

REQUEST FOR JURY TRIAL

      In her first
issue on appeal, Thomas contends the trial court erred in denying her request
for a jury trial.  We review a trial
court’s refusal to grant a jury trial under an abuse-of-discretion standard.  Mercedes-Benz Credit Corp. v. Rhyne,
925 S.W.2d 664, 666 (Tex. 1996).  Rule 216(a) of the Texas Rules of Civil
Procedure states that “[n]o jury trial shall be had in any civil court, unless
a written request for a jury trial is filed with the clerk of the court a
reasonable time before the date set for trial of the cause on the non-jury
docket, but not less than thirty days in advance.” Tex.R. Civ. P. 216(a).   Here, Thomas’s request for a jury was made on
the day of trial, not at least thirty days in advance as required by Rule
216(a).

Nevertheless, Thomas argues that she is constitutionally
entitled to a jury trial, and that this Court should conduct a de novo review
of the trial court’s denial of a jury trial. 
While Thomas may have a constitutional right to a jury trial, such a
right can be waived by failing to comply with Rule 216(a).  See In
re Prudential Ins. Co., 148 S.W.3d 124, 130 (Tex. 2004) (stating that jury
trial can be waived if prerequisites of rule 216 not met).  By not filing her request for a jury trial in
a timely manner, Thomas has waived her right to a jury.  We see no need to depart from the
abuse-of-discretion standard.

We overrule issue one.

MOTION FOR CONTINUANCE

      In issue two, Thomas contends the
trial court erred in denying her motion for continuance.  We review the grant or denial of a motion for continuance for an abuse of discretion. Villegas v.
Carter, 711 S.W.2d 624, 626 (Tex. 1986). We will not overrule the trial
court’s decision unless the trial court acted unreasonably or in an arbitrary
manner “without reference to any guiding rules and principles.” Beaumont
Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991) (quoting Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)). 

    
Texas Rule of Civil Procedure 251 provides: “No application for a continuance shall be heard before the defendant files his
defense, nor shall any continuance be granted except for
sufficient cause supported by affidavit, or by consent of the parties, or by
operation of law.” Tex
R. Civ. P.  251. If a continuance motion does not comply with Rule
251, we will presume the trial court did not abuse its discretion in denying
the motion. Villegas, 711 S.W.2d at
626; In re Estate of Alexander,
250 S.W.3d 461, 463 (Tex. App.—Waco 2008, pet. denied); Phifer v.
Nacogdoches County Cent. Appraisal Dist., 45 S.W.3d 159, 173 (Tex. App.—Tyler 2000, pet. denied). 

Thomas’s oral motion
for continuance does not comply with the requirements of Rule
251. See In re Estate of Alexander, 250 S.W.3d at 463 (concluding oral
request for a continuance did not comply with Rule 251); Phifer, 45 S.W.3d at 173 (same).  Because Thomas did not comply with the
requirements of Rule 251, we cannot say the trial court
abused its discretion in denying her 

request for a continuance. See In re Estate of Alexander, 250 S.W.3d at 463; Phifer,
45 S.W.3d at 173. 

Furthermore, in this case, counsel for both sides were
present and ready for trial and discovery had been completed.  There is no record from the proceedings
before the trial court to show upon what grounds a motion for continuance
should have been granted.  Thomas cites
no authority to support her argument that a motion for continuance must be
granted when a party neglects to make a timely request for a jury trial and
then moves for a continuance to do so on the day of trial.

We overrule Thomas’s second issue on appeal.

CONCLUSION

We affirm the judgment of the trial court.






 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Alcala and Higley.