

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00131-CV

———————————————

IN RE JOHNATHAN COOPER, Relator

---

Original Proceeding
297th District Court of Tarrant County, Texas
Trial Court No. 1031532D

---

Before the En Banc Court
Per Curiam Memorandum Opinion on En Banc Reconsideration

**MEMORANDUM OPINION AND ORDER ON EN BANC RECONSIDERATION**

Because Relator Johnathan Cooper raises new issues in his motion for en banc reconsideration, we deny it.

## I.  BACKGROUND

Cooper filed a pro se writ of mandamus on March 22, 2024, to compel the trial court to rule on his motion to appoint habeas counsel.  After Cooper filed his petition, on March 27, 2024, the trial court denied his motion.  Soon thereafter, on April 1, 2024, we denied Cooper's petition as moot.

We mailed Cooper, who is in prison, a copy of our opinion, but on April 9, 2024, the post office returned our correspondence.  The penitentiary had refused to accept our correspondence to Cooper—despite the presence of our official seal, our return address, and Cooper's appellate cause number on the envelope—because the envelope did not contain the words "Legal Mail" on it.  On April 9, 2024, we re-sent a copy of our opinion to Cooper.

Shortly thereafter, on April 22, 2024, Cooper mailed his motion for en banc reconsideration and, within it, argued that the trial court erred by denying his motion to appoint counsel.  We received Cooper's motion on April 26, 2024.  The deadline for Cooper's motion, however, was April 16, 2024.  *See* Tex. R. App. P. 52.9.  Cooper missed the deadline.

## II. DISCUSSION

Although Cooper's motion was filed within ten days of the deadline, because Cooper did not mail his motion (April 22) until after its due date (April 16), he may not rely on the mailbox rule. *See* Tex. R. Civ. P. 5. And although the appellate rules provide a method to allocate additional time to file a motion for en banc reconsideration if the party does not receive notice of our order or judgment until after the time to file the document has expired, that option is not available because our record does not definitively show when Cooper received actual notice of our April 1, 2024 opinion.[1] *See* Tex. R. App. P. 4.5. In any event, Cooper has not requested relief under Rule 4.5.

Regardless, when a motion for en banc reconsideration is not timely filed, we have plenary jurisdiction for 60 days after our judgment. Tex. R. App. P. 19.1. Our "judgment" here is our April 1, 2024 memorandum opinion denying Cooper's petition as moot. Under Rule 19.1, we have plenary jurisdiction until May 31, 2024.

Assuming we have jurisdiction to hear Cooper's motion, a party cannot use a motion for en banc reconsideration to raise new issues. *See Rivera v. Baptist Found. of Tex.*, No. 13-17-00607-CV, 2020 WL 103854, at *3 n.7 (Tex. App.—Corpus Christi–Edinburg Jan. 9, 2020, no pet.) (mem. op. on reh'g); *Phifer v. Nacogdoches Cnty. Cent.*

---

[1]In Cooper's certificate of service, he indicates that he gave his motion to prison officials to mail on April 15, 2024, but the postmark indicates that his motion was not mailed until April 22, 2024. The mailbox rule focuses on the postmark. *See* Tex. R. Civ. P. 5.

*Appraisal Dist.*, 45 S.W.3d 159, 166 (Tex. App.—Tyler 2000, pet. denied) (op. on reh'g).  In Cooper's March 22, 2024 petition, he sought to compel the trial court to rule on his motion to appoint counsel.  It has.  It denied it.  Cooper now seeks to complain about the trial court's ruling.  That is a new issue and may not be raised in a motion for en banc reconsideration.

### III.  CONCLUSION

We deny Cooper's motion for en banc reconsideration.

Per Curiam

Delivered:  May 16, 2024