CITY OF ANGLETON, Petitioner,

v.

USFILTER OPERATING SERVICES, INC., Respondent.

No. 05–0098.

Supreme Court of Texas.

Aug. 31, 2006.

Kevin D. Jewell, William S. Helfand, and Barbara E. Roberts, Chamberlain, Hrdlicka, White, Williams & Martin, Houston, for Petitioner.

Michael W. Youtt, Craig S. Miles, Charles Brannon Robertson, and Jeremiah J. Anderson, King & Spaiding, L.L.P., Houston, for Respondent.

PER CURIAM.

USFilter Operating Services Inc. sued the City of Angleton for breach of contract and other claims, and the City filed a counterclaim for breach of contract. USFilter's claims included a claim for return of property that it alleged the City had wrongfully retained. Both parties signed an Agreed Order that ordered the property to be returned to USFilter, contingent on USFilter's filing a $53,600 bond with the trial court. The Agreed Order specified that the bond would remain with the court either "until trial" or until there was "joint approval of the parties" to return the bond. Four months after the court approved the Agreed Order, the City non-suited its counterclaims and filed a plea to the jurisdiction based on governmental immunity.

The trial court denied the City's plea to the jurisdiction, and the court of appeals affirmed the trial court's order. 2004 WL 2964016. The court of appeals held that the City's decision to file a counterclaim waived its immunity. *Id.* at *1.

■ While this case has been pending on appeal, we have decided *Reata Construction Corp. v. City of Dallas*, 197 S.W.3d 371 (Tex.2006), which held that a governmental entity does not have immunity from suit from claims germane to, connected with, and properly defensive to the governmental entity's own claims to the extent the other party's claims act as an offset against the governmental entity's recovery. But a governmental entity may retain immunity from suit as to the other party's claim for monetary damages arising from claims not germane to, connected with, and properly defensive to the governmental entity's claims, and to the extent the other party's damages exceed amounts offsetting the governmental entity's monetary recovery. *See id.* Because the court of appeals held that the City's counterclaim operated as a complete waiver of immunity, we reverse its judgment and remand the case to the trial court. In the trial court, USFilter should have the opportunity to argue, based on our decision in *Reata*, that the City does not have immunity from suit.

■ USFilter argues that the court of appeals' judgment can be affirmed on the alternative ground that section 51.075 of the Local Government Code and "sue and

be sued" language in the City's charter waive the City's immunity. For the reasons explained in *Tooke v. City of Mexia,* 197 S.W.3d 325 (Tex.2006), we hold that section 51.075 and the City Charter do not contain clear and unambiguous waivers of immunity. *See also City of Houston v. Jones,* 197 S.W.3d 391 (Tex.2006).

 USFilter also argues that the City's consent to the Agreed Order waives its governmental immunity. However, the record does not indicate that USFilter presented this argument in the trial court. Because USFilter is not asserting error in the judgments below, it was not required to preserve the issue on appeal. *Boyce Iron Works, Inc. v. Southwestern Bell Tel. Co.,* 747 S.W.2d 785, 787 (Tex.1988) (noting that a party who "received a favorable judgment and had no reason to complain in the trial court" need not raise potential alternative bases to support the ruling). Nevertheless, this Court may decline to review an issue that was not first presented to the trial court. *See In re Nexion Health at Humble, Inc.,* 173 S.W.3d 67, 70 (Tex.2005) (op. on rehearing) ("Because this issue has not been reviewed by the courts below, we decline to reach the issue and express no opinion as to the merits of this argument."). In this case, we conclude that it would be preferable for the issue to first be presented to the trial court. On remand, USFilter will have the opportunity to develop the record as it deems necessary and will be free to raise the issue.

Furthermore, while this case has been pending on appeal, the Legislature enacted sections 271.151–.160 of the Local Government Code, which waive immunity from suit for certain claims against local governmental entities, including municipalities. Sections 271.152–.154 "apply to a claim that arises under a contract executed before [September 1, 2005] ... if sovereign immunity has not been waived with respect to the claim" before that date. Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549. US-Filter should also have the opportunity to argue in the trial court that the City's immunity from suit has been waived by these provisions.

Accordingly, we grant the City's petition for review, and without hearing oral argument, Tex.R.App. P. 59.1, we reverse the court of appeals' judgment and remand the case to the trial court for further proceedings.