290 S.W.3d 908 (2009)
In the Interest of M.T. and M.T., minor children.
No. 12-08-00456-CV.
Court of Appeals of Texas, Tyler.
June 30, 2009.
*909 Martin R. Bennett, Athens, TX, for Appellant.
Lauren Melhart, for Appellee.
Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

OPINION OVERRULING MOTION FOR REHEARING
BRIAN HOYLE, Justice.
R.T. filed a motion for rehearing requesting that we consider an issue not previously presented to this court in his brief. In this new issue, R.T. complains that Texas Family Code section 263.405 is unconstitutional, both facially and as applied to the case before us. For the reasons set forth below, we overrule R.T.'s motion for rehearing.

BACKGROUND
In his underlying appeal, R.T. challenged the trial court's final order in a conservatorship and termination proceeding brought by the Texas Department of Family and Protective Services (DFPS). In re M.T., No. 12-08-00456-CV, 2009 WL 824602, at *1 (Tex.App.-Tyler Mar. 31, 2009, no pet. h.) (mem. op.). In two issues, R.T. contended that the trial court erred by denying his motion for continuance and that the evidence was insufficient to support the termination of his parent-child relationship with his two daughters. Id. We noted that, under section 263.405, R.T. was required to file a statement of points *910 on which he intended to appeal. Id. Because R.T. had failed to do so, we held that we could not consider the issues R.T. had raised on appeal. Id. Therefore, we affirmed the trial court's final order. Id. In response to our opinion, R.T. moved for rehearing, asserting, for the first time on appeal, that section 263.405 is unconstitutional.

MOTIONS FOR REHEARING
R.T.'s sole issue on rehearing is an issue not previously presented to this court. Therefore, we must determine whether we should consider that issue.

Applicable Law
An appellant's brief must state concisely all issues or points presented for review. TEX.R.APP. P. 38.1(f); Bankhead v. Maddox, 135 S.W.3d 162, 163 (Tex.App.-Tyler 2004, no pet.). In its review of a civil matter, an appellate court has no discretion to consider an issue not raised in an appellant's brief, even though the court may perceive that the ends of justice support such a course. Bankhead, 135 S.W.3d at 163-64 (citing Krumb v. Porter, 152 S.W.2d 495, 496 (Tex.Civ.App.-San Antonio 1941, writ ref'd)). However, an exception to this rule exists where an appellate court decides to consider an issue of fundamental error. See In re B.L.D., 113 S.W.3d 340, 350-51 (Tex.2003) (discussing the limited circumstances in which the fundamental error doctrine has been utilized by the supreme court).
The sole purpose of a motion for rehearing is to provide the appellate court an opportunity to correct any errors on issues already presented. Canal Ins. Co. v. Hopkins, 238 S.W.3d 549, 560 n. 3 (Tex. App.-Tyler 2007, pet. denied); Phifer v. Nacogdoches County Cent. Appraisal Dist., 45 S.W.3d 159, 166 (Tex.App.-Tyler 2000, pet. denied); see Mapco, Inc. v. Carter, 817 S.W.2d 686, 687 (Tex.1991). A motion for rehearing does not afford a party an opportunity to raise new issues. Canal Ins., 238 S.W.3d at 560 n. 3; Phifer, 45 S.W.3d at 166; see Mapco, 817 S.W.2d at 687. This is true even in the case of issues on rehearing asserting that a statute is unconstitutional. See Morrison v. Chan, 699 S.W.2d 205, 206-07 (Tex.1985). Such a review is beyond the scope of rehearing. See Canal Ins., 238 S.W.3d at 560 n. 3. As above, however, an exception to this rule exists where the issue raised is that of fundamental error. See Mapco, 817 S.W.2d at 687.
Fundamental error exists only "in those rare instances in which the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas." Wal-Mart Stores, Inc. v. Alexander, 868 S.W.2d 322, 328 (Tex.1993). The simple fact that a constitutional right is involved is not sufficient to render an issue one of fundamental error. See, e.g., Montes v. State, 876 S.W.2d 538, 541 (Tex.App.-El Paso 1994, no pet.) (declining to consider new ineffective assistance issue on rehearing). Likewise, the fact that a case involves the termination of parental rights does not automatically place that case under the auspices of fundamental error. See B.L.D., 113 S.W.3d at 350-51 (declining to apply fundamental error to such a case).

Analysis
In the case before us, R.T. failed to raise the issue of constitutionality until his motion for rehearing. As such, this court did not address the issue in its opinion. See *911 Bankhead, 135 S.W.3d at 163-64. Absent fundamental error, we are prohibited from considering the issue on rehearing. See Canal Ins., 238 S.W.3d at 560 n. 3; Phifer, 45 S.W.3d at 166; see also Mapco, 817 S.W.2d at 687; Morrison, 699 S.W.2d at 206-07.
In B.L.D., the supreme court declined to extend the boundaries of fundamental error to the appeal of an issue relating to unpreserved jury charge error in a parental rights termination case. B.L.D., 113 S.W.3d at 350-51. The court of appeals had held that the jury charge, as written, did not require "at least ten jurors agree on either or both statutory grounds supporting termination." Id. at 348. In its review, the supreme court explained that this issue had not been preserved in the trial court. Id. at 349. The supreme court reversed the judgment of the court of appeals because that court had considered an unpreserved appellate issue. Id. at 355.
In analyzing the charge issue, the supreme court discussed the strong policy considerations underlying the Texas error preservation rules. Id. at 349-50. The court explained that the fundamental error doctrine is a limited exception to these rules, but is employed only "in rare instances." Id. at 350. The court noted that it had previously refused to review a complaint based on constitutional error that was not preserved in the trial court. Id. The court also compared the issue before it with two types of issues in which it had historically applied the fundamental error doctrine: jurisdictional issues and quasi-criminal issues. Id. at 350-51. Noting that the charge error in B.L.D. did not fall within either category, the court stated neither precedent nor policy supported the review of unpreserved charge error in termination cases. Id. at 351. Consequently, the court stated that it had "not previously extended the fundamental-error doctrine to this area of the law [parental rights termination cases]" and that it was "not persuaded to do so [in the case before it]." Id.
In the case at hand, we are presented with the question of whether the fundamental error doctrine allows R.T.'s constitutional issue to be brought on rehearing even though it was not raised in his brief. In light of B.L.D., we cannot conclude that it does. See id. at 349-51; see also Montes, 876 S.W.2d at 541 (declining to consider new ineffective assistance issue on rehearing); In re D.M., 244 S.W.3d 397, 402-04 (Tex.App.-Waco 2007, no pet.) (Reyna, J., concurring) (opining that fundamental error was inapplicable to section 263.405's requirement of a statement of points). But see In re S.G.S., 130 S.W.3d 223, 231-32 (Tex.App.-Beaumont 2004, no pet.) (indicating a willingness to find fundamental error). As such, we cannot consider the sole issue presented by R.T. in his motion for rehearing. See Canal Ins., 238 S.W.3d at 560 n. 3; Phifer, 45 S.W.3d at 166; see also Mapco, 817 S.W.2d at 687; Morrison, 699 S.W.2d at 206-07. But see In re D.M., 244 S.W.3d 397, 406 (Tex.App.-Waco 2007, no pet.) (op. on reh'g) (granting rehearing under similar circumstances).

DISPOSITION
Because we cannot consider the issue presented by R.T. in his motion for rehearing, we overrule the motion.