# NO. 12-09-00256-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE ESTATE OF* | § | *APPEAL FROM THE 294TH* |
| *ERNEST H. WARREN,* | | |
| | § | *JUDICIAL DISTRICT COURT* |
| *DECEASED* | | |
| | § | *VAN ZANDT COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Beverly Ann Corey ("Corey") and Stephen Leonard Warren ("Warren") appeal from the trial court's order granting Claude Michael Rightmire's motion for summary judgment in Corey and Warren's contest of the Last Will and Testament of Ernest H. Warren ("Ernest"). In two issues, Corey and Warren contend that no evidence summary judgment was improper because a genuine issue of material fact existed as to whether Ernest lacked testamentary capacity when he executed the will and whether his wife of thirty-five years, Martha Jo Warren, exercised undue influence on him at such time. We modify the judgment and affirm as modified.

### BACKGROUND

Ernest and Martha Jo were married in 1970. No children were born during their marriage. Ernest had three children from a prior marriage, including Corey and Warren. In 1993, Ernest executed a will leaving his estate to Martha Jo. Ernest died in 2005. Corey and Warren contested Martha Jo's attempt to probate their father's will. Martha Jo died in 2006 while their contest to the will was still pending. Rightmire, as co-independent executor, filed an amended application to probate Ernest's will following Martha Jo's death. Rightmire then filed a hybrid no evidence and traditional motion for summary judgment. Corey and Warren filed a response with attached affidavits and depositions. Rightmire filed objections to the affidavits and depositions.

On May 15, 2009, the trial court sustained Rightmire's objections to the affidavits and depositions. The trial court subsequently granted Rightmire's no evidence motion for summary judgment, stating that Corey and Warren had failed to produce any evidence to support their claims. Corey and Warren timely filed this notice of appeal.

## SUMMARY JUDGMENT

In their first issue, Corey and Warren contend that the trial court improperly granted summary judgment because they had raised the issue of Ernest's testamentary capacity. In their second issue, they assert that the trial court improperly granted summary judgment because they had raised the issue of Martha Jo's undue influence.

### Standard of Review

We review a trial court's granting of summary judgment de novo. *Mid-Century Ins. Co. of Tex. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). When performing a de novo review, we exercise our own judgment and redetermine each issue of fact and law. *See Schade v. Tex. Workers' Comp. Comm'n*, 150 S.W.3d 542, 549 (Tex. App.—Austin 2004, pet. denied) (citing *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1999)). A no evidence summary judgment motion is essentially a motion for a pretrial directed verdict. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581-82 (Tex. 2006) (citing *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). Once such a motion is filed, the burden shifts to the nonmoving party to present evidence raising a genuine issue of material fact as to the elements specified in the motion. *Mack Trucks*, 206 S.W.3d at 582 (citing *Havner*, 953 S.W.2d at 711). A no evidence motion for summary judgment must be granted if (1) the moving party asserts that there is no evidence of one or more specified elements of a claim or defense on which the adverse party would have the burden of proof at trial; and (2) the respondent produces no summary judgment evidence raising a genuine issue of material fact on those elements. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (citing TEX. R. CIV. P. 166a(i)). A fact is "material" if it affects the ultimate outcome of the lawsuit under the governing law. *Acad. of Skills & Knowledge, Inc. v. Charter Sch., USA, Inc.*, 260 S.W.3d 529, 534 (Tex. App.—Tyler 2008, pet. denied); *Pierce v. Wash. Mut. Bank*, 226 S.W.3d 711, 714 (Tex. App.—Tyler 2007, pet. denied). A material fact issue is "genuine" if the evidence is such that a reasonable jury could find the fact in favor of the nonmoving party. *Acad. of Skills*, 260 S.W.3d at 534; *Pierce*, 226 S.W.3d at 714.

**Discussion**

Corey and Warren contend that the trial court improperly granted summary judgment because they raised the issues of Ernest's testamentary capacity and Martha Jo's undue influence. Rightmire, as part of his response, asserts that Corey and Warren have failed to preserve these issues because they have not complained on appeal of the trial court's evidentiary rulings. These rulings resulted in the exclusion from evidence of Corey and Warren's only evidence to support lack of testamentary capacity and undue influence.

*Testamentary Capacity*

The will in question is a self-proving will. If the will had been admitted to probate, the burden of proof regarding testamentary capacity would have shifted to the contestants, Corey and Warren. *See **In re Estate of Graham***, 69 S.W.3d 598, 605 (Tex. App.—Corpus Christi 2001, no pet.). Because this will had not yet been admitted to probate, the burden of proof rested upon Rightmire. *See **id.*** Rightmire, as the party with the burden of proof, could not move for no evidence summary judgment on testamentary capacity. *See **Bostic v. Bostic***, No. 12-02-00305-CV, 2003 WL 22047902, at *2 (Tex. App.—Tyler Aug. 29, 2003, no pet.) (mem. op.) (reaching a similar conclusion). Therefore, the trial court's no evidence summary judgment on testamentary capacity was improper. *See **id.*** However, an appellate court may, in the interest of judicial economy, consider other grounds that the movant preserved for review, despite the fact that the trial court did not rule on them. ***Cincinnati Life Ins. Co. v. Cates***, 927 S.W.2d 623, 626 (Tex. 1996). Here, as the prevailing party, Rightmire has correctly asserted in his brief that this court may consider whether traditional summary judgment was proper on the issue of testamentary capacity. *See **City of Angleton v. USFilter Operating Servs., Inc.***, 201 S.W.3d 677, 679 (Tex. 2006).

When reviewing a ruling on a traditional motion for summary judgment, we must examine the entire summary judgment record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. ***Yancy v. United Surgical Partners Int'l, Inc.***, 236 S.W.3d 778, 782 (Tex. 2007) (citing ***City of Keller v. Wilson***, 168 S.W.3d 802, 824-25 (Tex. 2005)). For a party to prevail on a traditional motion for summary judgment, it must conclusively establish the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). Evidence is conclusive only if reasonable and fair minded jurors could not differ in their conclusions. ***Acad. of Skills***, 260 S.W.3d at 535 (citing ***Goodyear Tire & Rubber Co. v. Mayes***, 236 S.W.3d 754,

3

755-56 (Tex. 2007)). Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion for summary judgment and present to the trial court any matters that would preclude summary judgment. *Acad. of Skills*, 260 S.W.3d at 535; *Pierce*, 226 S.W.3d at 714.

In their brief, Corey and Warren have failed to assert that the trial court erroneously sustained Rightmire's objections to their summary judgment evidence. An appellant's brief must state concisely all issues presented for review. TEX. R. APP. P. 38.1(f). The statement of an issue will be treated as covering every subsidiary question that is fairly included. *Id.* An issue presented in an appellant's brief is sufficient if it directs the attention of the appellate court to the error about which the complaint is made. *Acad. of Skills*, 260 S.W.3d at 536; *Bankhead v. Maddox*, 135 S.W.3d 162, 163 (Tex.App.—Tyler 2004, no pet.). In its review of a civil matter, an appellate court has no discretion to consider an issue not raised in an appellant's brief, even though the court may perceive that the ends of justice support such a course. *In re M.T.*, 290 S.W.3d 908, 910 (Tex. App.—Tyler 2009, no pet.); *Acad. of Skills*, 260 S.W.3d at 536; *Bankhead*, 135 S.W.3d at 163-64.

Corey and Warren bore the responsibility to frame their issues in this appeal, and we cannot consider an issue not raised in their brief. *See In re M.T.*, 290 S.W.3d at 910; *Acad. of Skills*, 260 S.W.3d at 536; *Bankhead*, 135 S.W.3d at 163-64. We note that an appellate court may sometimes be able to consider issues not raised on appeal where those issues involve fundamental error. *See In re B.L.D.*, 113 S.W.3d 340, 350-51 (Tex. 2003) (discussing the limited circumstances in which the fundamental error doctrine has been utilized by the supreme court). However, we do not believe the trial court's evidentiary rulings rise to the level of fundamental error. *See Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 328 (Tex. 1993) ("Fundamental error exists 'in those rare instances in which the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas.'").

Because of the trial court's rulings, the only evidence properly before the trial court supported, rather than controverted, testamentary capacity. In light of this evidence, we cannot conclude that a genuine issue of material fact existed on the issue of Ernest's testamentary capacity. Instead, the remaining summary judgment evidence conclusively established the absence of any genuine issue of material fact and that Rightmire was entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c).

4

*Undue Influence*

Corey and Warren bore the burden of proof regarding their undue influence claim. *See Bostic*, 2003 WL 22047902, at *3. Therefore, Rightmire could file a no evidence summary judgment motion on this issue. *See* TEX. R. CIV. P. 166a(i); *see also Bostic*, 2003 WL 22047902, at *3-4. As such, it was Corey and Warren's burden to produce evidence supporting undue influence in response to Rightmire's motion on this issue. *See Bostic*, 2003 WL 22047902, at *3-4.

Again, Corey and Warren have failed to assert that the trial court erroneously sustained Rightmire's objections to their summary judgment evidence. A no evidence motion for summary judgment must be granted if (1) the moving party asserts that there is no evidence of one or more specified elements of a claim or defense on which the adverse party would have the burden of proof at trial; and (2) the respondent produces no summary judgment evidence raising a genuine issue of material fact on those elements. *Sudan*, 199 S.W.3d at 292 (citing TEX. R. CIV. P. 166a(i)). Because of the trial court's rulings, no evidence was properly before the trial court that would raise a genuine issue of material fact in relation to the issue of Martha Jo's undue influence. As such, this issue was ripe for no evidence summary judgment. *See* TEX. R. CIV. P. 166a(i); *Sudan*, 199 S.W.3d at 292.

## CONCLUSION

The trial court improperly granted a no evidence summary judgment on the issue of testamentary capacity. Therefore, we sustain Corey and Warren's first issue. The trial court properly granted Rightmire's motion for no evidence summary judgment on undue influence. Therefore, we overrule Corey and Warren's second issue. Because traditional summary judgment was proper, we *modify* the trial court's judgment so that, as to the issue of testamentary capacity, the judgment is a traditional summary judgment, not a no evidence summary judgment. *See* TEX. R. APP. P. 43.2. As modified, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered June 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)