NO. 12-09-00256-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN THE ESTATE OF                                   §          APPEAL
FROM THE 294TH

 

ERNEST H. WARREN,

                                                                        §          JUDICIAL
DISTRICT COURT

DECEASED

            

                                                                        §          VAN
ZANDT COUNTY, TEXAS    







            MEMORANDUM
OPINION

            Beverly
Ann Corey (“Corey”) and Stephen Leonard Warren (“Warren”) appeal from the trial
court’s order granting Claude Michael Rightmire’s motion for summary judgment in
Corey and Warren’s contest of the Last Will and Testament of Ernest H. Warren
(“Ernest”).  In two issues, Corey and Warren contend that no evidence summary
judgment was improper because a genuine issue of material fact existed as to
whether Ernest lacked testamentary capacity when he executed the will and whether
his wife of thirty-five years, Martha Jo Warren, exercised undue influence on
him at such time.  We modify the judgment and affirm as modified.

 

Background

            Ernest
and Martha Jo were married in 1970.  No children were born during their
marriage.  Ernest had three children from a prior marriage, including Corey and
Warren.  In 1993, Ernest executed a will leaving his estate to Martha Jo. 
Ernest died in 2005.  Corey and Warren contested Martha Jo’s attempt to probate
their father’s will.  Martha Jo died in 2006 while their contest to the will
was still pending.  Rightmire, as co-independent executor, filed an amended
application to probate Ernest’s will following Martha Jo’s death.  Rightmire
then filed a hybrid no evidence and traditional motion for summary judgment. 
Corey and Warren filed a response with attached affidavits and depositions. 
Rightmire filed objections to the affidavits and depositions.

            On
May 15, 2009, the trial court sustained Rightmire’s objections to the
affidavits and depositions.  The trial court subsequently granted Rightmire’s no
evidence motion for summary judgment, stating that Corey and Warren had failed
to produce any evidence to support their claims.  Corey and Warren timely filed
this notice of appeal.

 

Summary Judgment

            In
their first issue, Corey and Warren contend that the trial court improperly
granted summary judgment because they had raised the issue of Ernest’s
testamentary capacity.  In their second issue, they assert that the trial court
improperly granted summary judgment because they had raised the issue of Martha
Jo’s undue influence.  

Standard
of Review

            We
review a trial court’s granting of summary judgment de novo. Mid-Century
Ins. Co. of Tex. v. Ademaj, 243 S.W.3d 618, 621 (Tex. 2007).  When
performing a de novo review, we exercise our own judgment and redetermine each
issue of fact and law. See Schade v. Tex. Workers’ Comp. Comm’n,
150 S.W.3d 542, 549 (Tex. App.—Austin 2004, pet. denied) (citing Quick v.
City of Austin, 7 S.W.3d 109, 116 (Tex. 1999)).  A no evidence summary
judgment motion is essentially a motion for a pretrial directed verdict. Mack
Trucks, Inc. v. Tamez, 206 S.W.3d 572, 581-82 (Tex. 2006) (citing Merrell
Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997)).  Once
such a motion is filed, the burden shifts to the nonmoving party to present
evidence raising a genuine issue of material fact as to the elements specified
in the motion. Mack Trucks, 206 S.W.3d at 582 (citing Havner,
953 S.W.2d at 711).  A no evidence motion for summary judgment must be granted
if (1) the moving party asserts that there is no evidence of one or more
specified elements of a claim or defense on which the adverse party would have
the burden of proof at trial; and (2) the respondent produces no summary
judgment evidence raising a genuine issue of material fact on those elements. Sudan
v. Sudan, 199 S.W.3d 291, 292 (Tex. 2006) (citing Tex. R. Civ. P. 166a(i)).  A fact is
“material” if it affects the ultimate outcome of the lawsuit under the
governing law. Acad. of Skills & Knowledge, Inc. v. Charter Sch.,
USA, Inc., 260 S.W.3d 529, 534 (Tex. App.—Tyler 2008, pet. denied); Pierce
v. Wash. Mut. Bank, 226 S.W.3d 711, 714 (Tex. App.—Tyler 2007, pet.
denied).  A material fact issue is “genuine” if the evidence is such that a
reasonable jury could find the fact in favor of the nonmoving party. Acad.
of Skills, 260 S.W.3d at 534; Pierce, 226 S.W.3d at 714.

 

Discussion

            Corey
and Warren contend that the trial court improperly granted summary judgment
because they raised the issues of Ernest’s testamentary capacity and Martha
Jo’s undue influence.  Rightmire, as part of his response, asserts that Corey
and Warren have failed to preserve these issues because they have not complained
on appeal of the trial court’s evidentiary rulings.   These rulings resulted in
the exclusion from evidence of Corey and Warren’s only evidence to support lack
of testamentary capacity and undue influence.

            Testamentary
Capacity

            The
will in question is a self-proving will.  If the will had been admitted to probate,
the burden of proof regarding testamentary capacity would have shifted to the
contestants, Corey and Warren. See In re Estate of Graham, 69
S.W.3d 598, 605 (Tex. App.—Corpus Christi 2001, no pet.).  Because this will
had not yet been admitted to probate, the burden of proof rested upon
Rightmire.  See id.  Rightmire, as the party with the burden of
proof, could not move for no evidence summary judgment on testamentary capacity.
See Bostic v. Bostic, No. 12-02-00305-CV, 2003 WL 22047902, at *2
(Tex. App.—Tyler Aug. 29, 2003, no pet.) (mem. op.) (reaching a similar
conclusion).  Therefore, the trial court’s no evidence summary judgment on
testamentary capacity was improper. See id.  However, an
appellate court may, in the interest of judicial economy, consider other
grounds that the movant preserved for review, despite the fact that the trial
court did not rule on them. Cincinnati Life Ins. Co. v. Cates,
927 S.W.2d 623, 626 (Tex. 1996).  Here, as the prevailing party, Rightmire has correctly
asserted in his brief that this court may consider whether traditional summary
judgment was proper on the issue of testamentary capacity. See City of
Angleton v. USFilter Operating Servs., Inc., 201 S.W.3d 677, 679 (Tex.
2006). 

            When
reviewing a ruling on a traditional motion for summary judgment, we must
examine the entire summary judgment record in the light most favorable to the
nonmovant, indulging every reasonable inference and resolving any doubts
against the motion. Yancy v. United Surgical Partners Int’l, Inc.,
236 S.W.3d 778, 782 (Tex. 2007) (citing City of Keller v. Wilson,
168 S.W.3d 802, 824-25 (Tex. 2005)).  For a party to prevail on a traditional
motion for summary judgment, it must conclusively establish the absence of any
genuine issue of material fact and that it is entitled to judgment as a matter
of law. Tex. R. Civ. P. 166a(c). 
Evidence is conclusive only if reasonable and fair minded jurors could not
differ in their conclusions. Acad. of Skills, 260 S.W.3d at 535
(citing Goodyear Tire & Rubber Co. v. Mayes, 236 S.W.3d 754,
755-56 (Tex. 2007)).  Once the movant has established a right to summary
judgment, the nonmovant has the burden to respond to the motion for summary
judgment and present to the trial court any matters that would preclude summary
judgment. Acad. of Skills, 260 S.W.3d at 535; Pierce,
226 S.W.3d at 714.

            In their
brief, Corey and Warren have failed to assert that the trial court erroneously sustained
Rightmire’s objections to their summary judgment evidence. An appellant’s brief
must state concisely all issues presented for review. Tex. R. App. P. 38.1(f).  The statement of an issue will be
treated as covering every subsidiary question that is fairly included. Id. 
An issue presented in an appellant’s brief is sufficient if it directs the
attention of the appellate court to the error about which the complaint is
made. Acad. of Skills, 260 S.W.3d at 536; Bankhead v.
Maddox, 135 S.W.3d 162, 163 (Tex.App.—Tyler 2004, no pet.).  In its
review of a civil matter, an appellate court has no discretion to consider an
issue not raised in an appellant’s brief, even though the court may perceive
that the ends of justice support such a course. In re M.T., 290
S.W.3d 908, 910 (Tex. App.—Tyler 2009, no pet.); Acad. of Skills,
260 S.W.3d at 536; Bankhead, 135 S.W.3d at 163-64.  

            Corey
and Warren bore the responsibility to frame their issues in this appeal, and we
cannot consider an issue not raised in their brief. See In re M.T.,
290 S.W.3d at 910; Acad. of Skills, 260 S.W.3d at 536; Bankhead,
135 S.W.3d at 163-64.  We note that an appellate court may sometimes be able to
consider issues not raised on appeal where those issues involve fundamental
error. See In re B.L.D., 113 S.W.3d 340, 350-51 (Tex. 2003)
(discussing the limited circumstances in which the fundamental error doctrine
has been utilized by the supreme court).  However, we do not believe the trial
court’s evidentiary rulings rise to the level of fundamental error. See Wal-Mart
Stores, Inc. v. Alexander, 868 S.W.2d 322, 328 (Tex. 1993) (“Fundamental
error exists ‘in those rare instances in which the record shows the court
lacked jurisdiction or that the public interest is directly and adversely
affected as that interest is declared in the statutes or the Constitution of
Texas.’”).

            Because
of the trial court’s rulings, the only evidence properly before the trial court
supported, rather than controverted, testamentary capacity.  In light of this
evidence, we cannot conclude that a genuine issue of material fact existed on
the issue of Ernest’s testamentary capacity.  Instead, the remaining summary
judgment evidence conclusively established the absence of any genuine issue of
material fact and that Rightmire was entitled to judgment as a matter of law. See
Tex. R. Civ. P. 166a(c).  

            Undue
Influence

            Corey
and Warren bore the burden of proof regarding their undue influence claim. See
Bostic, 2003 WL 22047902, at *3.  Therefore, Rightmire could file a
no evidence summary judgment motion on this issue. See Tex. R. Civ. P. 166a(i); see also
Bostic, 2003 WL 22047902, at *3-4.  As such, it was Corey and Warren’s
burden to produce evidence supporting undue influence in response to
Rightmire’s motion on this issue. See Bostic, 2003 WL 22047902,
at *3-4.

            Again,
Corey and Warren have failed to assert that the trial court erroneously sustained
Rightmire’s objections to their summary judgment evidence.  A no evidence
motion for summary judgment must be granted if (1) the moving party asserts
that there is no evidence of one or more specified elements of a claim or
defense on which the adverse party would have the burden of proof at trial; and
(2) the respondent produces no summary judgment evidence raising a genuine
issue of material fact on those elements. Sudan, 199 S.W.3d at
292 (citing Tex. R. Civ. P.
166a(i)).  Because of the trial court’s rulings, no evidence was properly
before the trial court that would raise a genuine issue of material fact in
relation to the issue of Martha Jo’s undue influence.  As such, this issue was
ripe for no evidence summary judgment. See Tex. R. Civ. P. 166a(i); Sudan, 199 S.W.3d at
292.

 

Conclusion

            The
trial court improperly granted a no evidence summary judgment on the issue of
testamentary capacity.  Therefore, we sustain Corey and Warren’s first issue.  The
trial court properly granted Rightmire’s motion for no evidence summary
judgment on undue influence.  Therefore, we overrule Corey and Warren’s second
issue.  Because traditional summary judgment was proper, we modify the
trial court’s judgment so that, as to the issue of testamentary capacity, the
judgment is a traditional summary judgment, not a no evidence summary judgment.
See Tex. R. App. P. 43.2. 
As modified, we affirm the trial court’s judgment.

                                                                                                James
T. Worthen

                                                                                                      
Chief Justice

 

 

Opinion delivered June 30,
2010.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J. 

 

(PUBLISH)