# NO. 12-09-00295-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GORDON STUART SMITH,*<br>*APPELLANT* | § | *APPEAL FROM THE 321ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *HOLLY YVONNE SMITH,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Gordon Stuart Smith appeals the trial court's final decree of divorce. In one issue, Gordon claims that the trial court abused its discretion by ordering Gordon to pay alimony, disguised as child support, to his ex-wife, Holly Yvonne Smith. We affirm.

## BACKGROUND

Gordon and Holly were married on October 2, 2000. By the time of the divorce proceedings, the couple had two children. As part of the divorce decree, the trial court ordered that Gordon pay $1,200 per month in child support to Holly. Gordon objected to the trial court's findings that child support should be paid to Holly because "the judgment for child support is equivalent to an impermissible award for spousal maintenance . . . ." The trial court overruled that objection. This appeal followed.

## ISSUES PRESENTED

Gordon asserts in his brief that he has a "Sole Point of Error: After jurors awarded Mr. Smith the sole right to determine the children's primary residence, the trial court erred by also ordering him to pay his former wife $1,200 per month in child support as disguised alimony, which Texas does not permit[.]" However, Gordon's arguments in support of this issue often appear to be potentially separate appellate issues. Accordingly, Holly attempts to refute many of these arguments on their own merits, rather than addressing whether they are evidence of the trial court's intent to order disguised alimony. In his reply to Holly's brief, Gordon clarifies any confusion as to the number of issues he raises on appeal:

Respectfully, the issue is not whether Mr. Smith had more resources than Mrs. Smith. The issue is not whether the trial court computed guideline child support correctly. The issue is whether the court ordered alimony despite words to the contrary.

We have construed Gordon's brief in accordance with these representations. We note that an appellate court may sometimes be able to consider issues not raised on appeal where those issues involve fundamental error. *See In re B.L.D.*, 113 S.W.3d 340, 350-51 (Tex. 2003) (discussing the limited circumstances in which the fundamental error doctrine has been utilized by the supreme court). However, we do not believe any issues potentially touched upon by Gordon rise to the level of fundamental error. *See Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 328 (Tex. 1993) ("Fundamental error exists 'in those rare instances in which the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas.'"). Therefore, we do not consider these potential issues on their merits. *See In re M.T.*, 290 S.W.3d 908, 910 (Tex. App.—Tyler 2009, no pet.).

## TRIAL COURT'S INTENT

In his sole issue, Gordon asserts that the trial court had a secret intent to order that he pay Holly alimony or spousal maintenance. The trial court's divorce decree and findings of fact state that the $1,200 per month was ordered for child support. Neither document shows that the trial court had any secret intent to order alimony or maintenance. And neither document shows that the trial court actually ordered alimony or maintenance under the guise of child support. Therefore, it is effectively Gordon's burden to demonstrate that the trial court misrepresented these matters. *See Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 251-52 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (trial court judgments presumed valid).

**Discussion**

Here, Gordon argues that the record reflects that the trial court's divorce decree and findings of fact indicate a proper intent where an improper one was actually present. For example, Gordon alleges that the trial court's child support order is based upon insufficient evidence, arguing that the trial court misconstrued testimony involving a discussion of financial issues between the parties. He also argues that the trial court's order contradicts the jury's implied findings and the trial court's own findings of fact. While these allegations, if evaluated on their merits, might demonstrate that the trial court's order was erroneous, they do not sufficiently demonstrate any improper intent by the trial court. In short, even were Gordon to prove that the trial court erred in the ways

alleged in his brief, without more, that proof is insufficient to establish that trial court had a secret, improper intent.

Gordon also argues that the true purpose of the trial court's order can be discerned from certain comments made by the trial court in expressing concern for Holly's financial condition. However, the record reflects otherwise. These comments, such as inquiring what Holly's living arrangements would be, must be viewed in light of the complete record. The trial court made clear, on the record, that it was concerned for the welfare of the children in question. The trial court explained, more than once, that it was frustrated by the paucity of evidence regarding financial matters that would affect the children. The trial court explained that these issues related to its consideration of child support. The trial court's inquiries into Holly's welfare, in light of the whole record, demonstrate that the trial court was conscientiously acting to promote the welfare of the children, not that the trial court had a secret intent to order alimony or spousal maintenance. *See Webb v. State*, No. 12-07-00315-CR, 2008 WL 2930347, at *2 (Tex. App.—Tyler July 31, 2008, pet. ref'd) (mem. op., not designated for publication) (record insufficient to demonstrate improper intent).

Gordon has asked us to imply a secret, improper intent by the trial court. In light of the complete record before us, we hold that Gordon has not met his burden to demonstrate this alleged intent. *See Vickery*, 5 S.W.3d at 251-52; *see also Webb*, 2008 WL 2930347, at *2. Therefore, we overrule Gordon's sole issue.

### DISPOSITION

We *affirm* the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 25, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)