NO









NO. 12-09-00295-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

GORDON STUART SMITH,

APPELLANT                                                     '     APPEAL
FROM THE 321ST

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

HOLLY YVONNE SMITH,                               '     SMITH
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

            Gordon
Stuart Smith appeals the trial court’s final decree of divorce.  In one issue,
Gordon claims that the trial court abused its discretion by ordering Gordon to
pay alimony, disguised as child support, to his ex-wife, Holly Yvonne Smith. 
We affirm.

 

Background

            Gordon
and Holly were married on October 2, 2000.  By the time of the divorce
proceedings, the couple had two children.  As part of the divorce decree, the
trial court ordered that Gordon pay $1,200 per month in child support to
Holly.  Gordon objected to the trial court’s findings that child support should
be paid to Holly because “the judgment for child support is equivalent to an
impermissible award for spousal maintenance . . . .”  The trial court overruled
that objection.  This appeal followed.

 

Issues Presented

            Gordon
asserts in his brief that he has a “Sole Point of Error: After jurors awarded
Mr. Smith the sole right to determine the children’s primary residence, the
trial court erred by also ordering him to pay his former wife $1,200 per month
in child support as disguised alimony, which Texas does not permit[.]” 
However, Gordon’s arguments in support of this issue often appear to be
potentially separate appellate issues.  Accordingly, Holly attempts to refute
many of these arguments on their own merits, rather than addressing whether
they are evidence of the trial court’s intent to order disguised alimony.  In
his reply to Holly’s brief, Gordon clarifies any confusion as to the number of
issues he raises on appeal:

 

Respectfully, the issue is not whether Mr. Smith had
more resources than Mrs. Smith.  The issue is not whether the trial court
computed guideline child support correctly.  The issue is whether the court
ordered alimony despite words to the contrary.

 

            We
have construed Gordon’s brief in accordance with these representations.  We
note that an appellate court may sometimes be able to consider issues not
raised on appeal where those issues involve fundamental error.  See In
re B.L.D., 113 S.W.3d 340, 350-51 (Tex. 2003) (discussing the limited
circumstances in which the fundamental error doctrine has been utilized by the
supreme court).  However, we do not believe any issues potentially touched upon
by Gordon rise to the level of fundamental error. See Wal-Mart
Stores, Inc. v. Alexander, 868 S.W.2d 322, 328 (Tex. 1993)
(“Fundamental error exists ‘in those rare instances in which the record shows
the court lacked jurisdiction or that the public interest is directly and
adversely affected as that interest is declared in the statutes or the
Constitution of Texas.’”).  Therefore, we do not consider these potential
issues on their merits. See In re M.T., 290 S.W.3d 908,
910 (Tex. App.—Tyler 2009, no pet.).

 

Trial Court’s Intent

            In
his sole issue, Gordon asserts that the trial court had a secret intent to
order that he pay Holly alimony or spousal maintenance.  The trial court’s
divorce decree and findings of fact state that the $1,200 per month was ordered
for child support.  Neither document shows that the trial court had any secret
intent to order alimony or maintenance.  And neither document shows that the
trial court actually ordered alimony or maintenance under the guise of child
support.  Therefore, it is effectively Gordon’s burden to demonstrate that the
trial court misrepresented these matters. See Vickery v. Comm’n for
Lawyer Discipline, 5 S.W.3d 241, 251-52 (Tex. App.—Houston [14th Dist.]
1999, pet. denied) (trial court judgments presumed valid).

Discussion

            Here,
Gordon argues that the record reflects that the trial court’s divorce decree
and findings of fact indicate a proper intent where an improper one was
actually present.  For example, Gordon alleges that the trial court’s child
support order is based upon insufficient evidence, arguing that the trial court
misconstrued testimony involving a discussion of financial issues between the
parties.  He also argues that the trial court’s order contradicts the jury’s
implied findings and the trial court’s own findings of fact.  While these
allegations, if evaluated on their merits, might demonstrate that the trial
court’s order was erroneous, they do not sufficiently demonstrate any improper
intent by the trial court.  In short, even were Gordon to prove that the trial
court erred in the ways alleged in his brief, without more, that proof is
insufficient to establish that trial court had a secret, improper intent. 

            Gordon
also argues that the true purpose of the trial court’s order can be discerned
from certain comments made by the trial court in expressing concern for Holly’s
financial condition.  However, the record reflects otherwise.  These comments,
such as inquiring what Holly’s living arrangements would be, must be viewed in
light of the complete record.  The trial court made clear, on the record, that
it was concerned for the welfare of the children in question.  The trial court
explained, more than once, that it was frustrated by the paucity of evidence
regarding financial matters that would affect the children.  The trial court
explained that these issues related to its consideration of child support.  The
trial court’s inquiries into Holly’s welfare, in light of the whole record,
demonstrate that the trial court was conscientiously acting to promote the
welfare of the children, not that the trial court had a secret intent to order
alimony or spousal maintenance.  See Webb v. State, No.
12-07-00315-CR, 2008 WL 2930347, at *2 (Tex. App.—Tyler July 31, 2008, pet.
ref’d) (mem. op., not designated for publication) (record insufficient to
demonstrate improper intent).

            Gordon
has asked us to imply a secret, improper intent by the trial court.  In light
of the complete record before us, we hold that Gordon has not met his burden to
demonstrate this alleged intent.  See Vickery, 5 S.W.3d at
251-52; see also Webb, 2008 WL 2930347, at *2.  Therefore, we
overrule Gordon’s sole issue.

 

Disposition

            We affirm the judgment of the
trial court.

            

                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

 

Opinion delivered August 25, 2010.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

(PUBLISH)