

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00378-CV

## IN THE INTEREST OF D.R.O., A CHILD

**From the 378th District Court**
**Ellis County, Texas**
**Trial Court No. 96970D**

## MEMORANDUM OPINION

In three issues, Appellants Monica Kincaid Herrera and Adam Mitchell Herrera appeal the trial court's dismissal of their petition for termination of the parental rights of Deserae Nicole Williams[1] and Michael Laroy Ortega to D.R.O., that was joined with a petition for adoption. We will affirm.

*Issues*

The Herreras present the following issues:

Issue 1: Did the Trial Court err in converting a hearing for Temporary Orders into a trial on the merits without providing the Herreras the proper notice required by the Fourteenth Amendment of the Constitution of the United States and Texas Rule of Civil Procedure § 245?

---

[1] Appellees assert that Deserae's legal name is Sneed rather than Williams. To minimize confusion, we will refer to her and the other parties by their first names.

Issue 2:    Did the Trial Court err in finding that the Herreras lacked standing to bring the Termination/Adoption suit?

Issue 3:    Did the Trial Court err in dismissing the Herreras' Termination/Adoption suit on the merits?

*Background*

D.R.O. was born on November 15, 2016 to Deserae and Michael. Michael and Adam are cousins. On March 27, 2017, Deserae left D.R.O. with Monica, Adam's wife, after returning from a doctor's appointment. Monica testified that D.R.O. was left with her so that she could administer breathing treatments the doctor prescribed for D.R.O. Deserae testified that she left D.R.O. with Monica and Adam while she was looking for a job. The parties differ at this point on how often D.R.O. was left with the Herreras and how much time D.R.O. spent with the Herreras.

Deserae testified that after she found a job, D.R.O. would stay with the Herreras during the week and would be returned to Deserae and Michael for the weekends. Monica testified that Deserae and Michael only saw D.R.O. six times over the next few months and that they did not see him at all between July 27 and September 19. Deserae denied that D.R.O. spent that much time with the Herreras.

On September 17, 2017, Michael drove to the Herreras' home to get D.R.O. Monica refused to allow Michael to take D.R.O. because, she testified, Michael smelled of marijuana and the vehicle he was driving had no car seat. Michael testified that this was untrue. Deserae went to the Ennis Police Department on September 19, 2017. Deserae reported that the Herreras would not return D.R.O. to her, and she requested assistance

in retrieving D.R.O. After communicating with Monica, officers with the police department contacted the Department of Family and Protective Services. Deserae eventually agreed to leave D.R.O. with the Herreras until the matter could be resolved.

Also on September 19, 2017, the Herreras filed the present suit and requested temporary orders. The original petition did not provide specific factual or statutory support for standing on the part of the Herreras, although the petition notes under the heading, "Residence with Petitioners," that D.R.O. "will have lived in the home of Petitioners for at least six months when this case for Adoption is heard." The original petition lists as grounds for termination allegations that the parents had:

a. voluntarily left the child alone or in the possession of another not the parent and expressed an intent not to return;

b. voluntarily left the child alone or in the possession of another not the parent without expressing an intent to return, without providing for the adequate support of the child, and remained away for a period of at least three months; and

c. voluntarily left the child alone or in the possession of another without providing adequate support of the child and remained away for a period of at least six months.

The Herreras filed a Motion for Temporary Orders on September 21, alleging that they should be appointed temporary conservators. The Herreras filed an amended petition on October 16, 2017 that notes that they have standing under "*Sections 102.003 and 102.005* of the Texas Family Code, as they have had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of this Amended Petition." (emphasis in original). The amended

petition includes the same factual grounds for termination that are included in the original petition and also includes the same notation under "Residence with Petitioners" – "The child the subject of this suit will have lived in the home of Petitioners for at least six months when this case for Adoption is heard."

The trial court set a hearing on the Herreras' request for temporary orders for October 30, 2017. When the trial court questioned whether the Herreras had standing, their attorney replied:

> Your Honor, they - - my clients have standing to bring a termination suit based on the parents' actions of voluntarily leaving the child in their possession. Under Section 161.001 the parent only has - - or the conservators who actually have the child only have to have the child for a much shorter time if the parents have expressed an intent not to return and have voluntarily left the child in the possession of a person that is not the parents and has voluntarily not returned to gain possession of that child back.

Counsel erroneously argued the grounds for termination under § 161.001 rather than addressing standing under § 102.003 or § 102.005. *See* TEX. FAM. CODE ANN. §§ 102.003, 102.005, 161.001. The Herreras' attorney further noted that the basis of their claims was that they had possession of D.R.O. for more than three months and that Deserae and Michael voluntarily left D.R.O. with them and expressed an intent not to return. Counsel conceded that if voluntariness could not be proved, their claims would be dismissed.

After listening to the testimony and reviewing the exhibits introduced at the hearing, the trial court dismissed the case. The court noted:

> The Court having heard the testimony of the parents and - - there seems to be some confusion here. In Texas parents raise children unless there are legal reasons. You don't place them with the ones who have the best

resources or the most education.  Children are raised by their parents unless there are legal reasons not to.

> And after hearing the testimony none of the three allegations are - - the Court finds that neither of these parents voluntarily left this child alone or in possession of another, not the parent, expressing an intent not to return.  No. 2, neither parent voluntarily left the child alone in possession of another, not the parent, without expressing an intent to return without providing for adequate support of the child and remained away for a period of at least three months.  And, No. 3, neither parent voluntarily left the child alone or in possession of another without providing adequate support for the child remaining away for at least six months.  These parents have been deprived of their child, and the Court dismisses this case.

On October 31, 2017, the Herreras filed a separate lawsuit seeking to be appointed managing conservators of D.R.O.[2]  On November 1, 2017, the trial court signed an order dismissing the present case with prejudice.  The Order, which was prepared by the Herreras' attorney at the direction of the trial court, included the phrase "without prejudice."  "Without prejudice" was marked out on the order signed by the trial court.  Neither party requested findings of fact and conclusions of law, nor did either party file a motion for new trial or to correct the judgment.

### *Discussion*

In their second issue, the Herreras assert that the trial court erred in determining that they did not have standing to bring this suit.  If, as the Herreras argue in their other issues, the trial court's dismissal of their petition was a ruling on the merits, the trial court

---

[2] The Herreras requested a stay in the SAPCR suit while this appeal was pending, but their request was denied by the trial court.  The trial court eventually dismissed the SAPCR suit, ruling that the Herreras lacked standing.  The Herreras filed a separate appeal that was assigned Cause Number 10-18-00001-CV. We denied their request to consolidate the appeals.

necessarily found that they had standing. We will assume without deciding that the trial court erred and that the Herreras have standing.

In their first and third issues, the Herreras argue that the trial court erred in dismissing their case with prejudice, which was a ruling on the merits, and in failing to give them proper notice in violation of Rule 245 of the Rules of Civil Procedure and the Fourteenth Amendment to the United States Constitution. Although the parties received notice of the setting of the hearing on temporary orders, the Herreras argue that the trial court converted the hearing into a trial on the merits without notice and then dismissed their petition with prejudice. Assuming without deciding that dismissal with prejudice was erroneous, the Herreras failed to preserve these issues for appellate review.

Rule 33.1 of the Texas Rules of Appellate Procedure requires that a party lodge a "timely request, objection, or motion, state the specific grounds therefore, and obtain a ruling. . ." to preserve a complaint for appellate review. TEX. R. APP. P. 33.1(a)(1); *Wal-Mart Stores, Inc. v. McKenzie*, 997 S.W.2d 278, 280 (Tex. 1999). "The rules governing error preservation apply to civil cases involving termination of parental rights." *M.M.V. v. Tex. Dep't of Fam. & Protective Serv.'s*, 455 S.W.3d 186, 190 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *see also In re K.A.F.*, 160 S.W.3d 923, 928 (Tex. 2005). A failure to object timely and specifically to lack of notice under Rule 245 preserves nothing for review. *Keith v. Keith*, 221 S.W.3d 156, 163 (Tex. App.—Houston [1st Dist.] 2006, no pet.) Failure to assert an objection in the trial court based on due process or other constitutional provisions will also not preserve the complaint on appeal in parental rights cases. *See In re L.M.I.*, 119 S.W.3d 707, 708 (Tex. 2003); *In re B.L.D.*, 113 S.W.3d 340, 353-54 (Tex. 2003); *see also Ex*

*parte R.L.S.*, No. 10-16-00278-CV, 2018 WL 1866983, at *2 (Tex. App.—Waco Apr. 18, 2018, no pet.) (corrected mem. op.). Only fundamental errors may be raised in the appellate court if not first raised in the trial court, and such errors exist only "in those rare instances in which the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas." *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 328 (Tex. 1993). The mere fact that a constitutional right is involved is insufficient to render an issue one of fundamental error. *In re M.T.*, 290 S.W.3d 908, 910 (Tex. App.—Tyler 2009, no pet.) (op. on reh'g). The fundamental error doctrine has not been extended to parental-rights termination cases. *B.L.D.*, 113 S.W.3d at 354.

The Herreras present a different situation from those cases in which a parent is seeking to preserve the parent/child relationship. *See In re K.M.L.*, 443 S.W.3d 101, 112 (Tex. 2014) ("[T]he natural right between a parent and his child is one of constitutional dimensions. . . ."); *see also In re J.R.*, 501 S.W.3d 738, 741 (Tex. App.—Waco 2016, no pet.) ("A parent's right to 'the companionship, care, custody, and management' of his or her children are constitutional interests 'far more precious than any property right.") (*quoting Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S.Ct. 1388, 1397, 71 L.Ed.2d 599 (1982)). The Herreras are seeking to end a parent/child relationship, which does not invoke the same protections the Constitution affords parents. The protection afforded the Herreras is the right to due process of law, which requires "notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *In re A.J.*, 559 S.W.3d 713, 720 (Tex. App.—Tyler 2018, no pet.). Rule 245 requires parties be given forty-five days' notice prior

to a first trial setting, and a failure to provide such notice implicates due process. TEX. R. CIV. P. 245; *K.M.L.*, .443 S.W.3d at 119.

A violation of Rule 245 is not, in and of itself, however, a due process violation. *In re Marriage of Parker*, 20 S.W.3d 812, 818 (Tex. App.—Texarkana 2000, no pet.). A complaint on appeal that notice was insufficient under Rule 245 or the due process clause is subject to waiver. *K.M.L.*, 443 S.W.3d at 119. A party may waive a complaint about lack of notice by failing to take action when he receives some, but less than, the requisite initial forty-five days' notice. *Barcroft v. Walton*, No. 12-16-00110-CV, 2017 WL 3910911, at *10 (Tex. App.—Fort Worth Sept. 7, 2017, no pet.) (mem. op.); *see also L.M.I.*, 119 S.W.3d at 711. The Herreras did not object to the trial court's failure to provide proper notice.

Additionally, an order dismissing a case with prejudice that should have appropriately been a dismissal without prejudice is not automatically void, but merely voidable. *Arrow Marble, LLC v. Estate of Killion*, 441 S.W.3d 702, 707 (Tex. App.—Houston [1st Dist.] 2014, no pet.). A voidable order must be corrected by direct attack, and, unless successfully attacked, the voidable judgment becomes final. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010). Once the judgment becomes final, it may not be attacked on appeal unless it is first presented to the trial court in a post-judgment motion, such as a motion to amend or correct the judgment or a motion for new trial. *See* TEX. R. CIV. P. 329b; *El Paso Pipe & Supply Co. v. Mountain States Leasing, Inc.*, 617 S.W.2d 189, 190 (Tex. 1981) (*per curiam*); *see also Bird v. Kornman*, 152 S.W.3d 154, 161 (Tex. App.—Dallas 2004, pet. denied) ("[T]he error in dismissing a case with prejudice cannot be raised for the first time on appeal and must be presented to the trial court."). The Herreras did not object at

the hearing when the trial court orally made the same findings that were incorporated into the written order dismissing the case. The Herreras also did not object after the order dismissing their case with prejudice was signed or file a motion for new trial.

Because the Herreras failed to timely object, they waived any error that may have arisen out of the trial court's failure to provide specific notice that it was considering the merits of the Herreras' claims and that may have arisen out of the trial court dismissing their suit with prejudice. The Herreras' first and third issues are overruled.

### *Conclusion*

Having assumed without deciding that the Herreras had standing to file their petition, we nevertheless affirm the ruling of the trial court as their other grounds of error were waived.


REX D. DAVIS
Justice

Before Chief Justice Gray,*
    Justice Davis, and
    Justice Neill
    *(Chief Justice Gray concurs in the Court's judgment but does not join the Court's memorandum opinion. A separate opinion will not issue.)
Judgment affirmed
Opinion delivered and filed April 17, 2019
[CV06]

